[L. A. No. 1397.   In Bank.—November 7, 1903.]

# KATHERINE TINGLEY, Appellant, v. HARRISON GRAY OTIS et al., Respondents.

ORDER CHANGING PLACE OF TRIAL—APPEAL—INSUFFICIENT RECORD—DIS-
MISSAL.—Upon appeal from an order changing the place of trial,
where a bill of exceptions settled without notice has been stricken
from the files of the superior court, and by this court from the tran-
script on appeal, leaving nothing but the notice of appeal and the
clerk's certificate as to the undertaking, it is the duty of this court
to dismiss the appeal of its own motion, without considering a motion
to dismiss it for failure of appellant to serve and file points and
authorities.

MOTION to dismiss an appeal from an order of the Supe-
rior Court of San Diego County granting a change of the place
of trial.  N. H. Conklin, Judge.

The facts are stated in the opinion.

A. B. Hotchkiss, and F. Shay, for Appellant.

Eugene Daney, Hunsaker & Britt, and D. M. Hammack,
for Respondents.

VAN DYKE, J.—This is an appeal by plaintiff from an
order granting the defendants' motion for a change of the
place of trial from the county of San Diego to the county of
Los Angeles.

Defendants moved to dismiss said appeal on the ground
that the appellant had not served or filed printed points
and authorities within thirty days after the filing of the tran-
script, as required by the rules of this court.   That motion
was argued and submitted July 6, 1903.   Thereafter, October
19, 1903, at the Los Angeles term of court, respondents, pur-
suant to notice given, moved to strike from the printed tran-
script that portion purporting to be a bill of exceptions
settled by the lower court, on the ground that the bill of ex-
ceptions was presented and settled without notice, and that
since the filing of the transcript said superior court had can-
celed the certificate of allowance, and stricken the bill of

exceptions from the files of the lower court, which motion was by this court, on October 20th, granted.

The bill of exceptions having been stricken from the transcript, nothing remains before this court except the notice of appeal and the certificate of the clerk of the court below that an undertaking on said appeal in due form had been filed. Without considering the motion to dismiss, based upon the technical ground of failure on the part of the appellant to serve printed points and authorities, it would be the duty of the court of its own motion, in the present condition of the record, to dismiss the appeal; and it is so ordered.

Shaw, J., Angellotti, J., Lorigan, J., McFarland, J., and Beatty, C. J., concurred.