[Civ. No. 13424.   Second Dist., Div. One.   Feb. 19, 1942.]

CHARLES SHERMAN COBB, Appellant, v. ESTATE OF CHARLES HENRY COBB et al., Respondents.

Charles Sherman Cobb in pro. per. for Appellant.

Merriam, Rinehart & Merriam for Respondents.

THE COURT.—This is a motion by respondents to dismiss an appeal which is taken from the verdict of the jury and the judgment rendered thereon. The motion is grounded on the claim that the transcript of record has not been filed and served within the time prescribed by law; that proceedings for a bill of exceptions had been dismissed by the trial court, and that no proceedings for bill of exceptions or transcript under section 953a of the Code of Civil Procedure are pending in the trial court. This motion is based on the certificate of the clerk of the trial court dated November 14, 1941, and filed in this court on November 18, 1941. This certificate contains the following averments:

(1) Notice of appeal was served and filed on March 24, 1941, by appellant, but the same does not state the court to which the appeal is taken; (2) no notice to the clerk to prepare a transcript under 953a of the Code of Civil Procedure has been filed; (3) motion for new trial was served on respondents on March 24, 1941, and filed the following day (this motion was denied on April 14, 1941, and minute entry of such denial entered April 16, 1941); (4) notice of order denying motion for new trial was filed July 31, 1941, and served on appellant by mail on July 29, 1941; (5) no clerk's transcript under section 953a of the Code of Civil Procedure has been filed; a reporter's transcript covering testimony taken March 18 and 19, 1941, was filed on September 15, 1941, and on September 22, 1941, a reporter's transcript on motion to settle bill of exceptions was filed; and (6) a proposed bill of exceptions was filed October 20, 1941, and a motion to strike the same was granted on the same day.

From the foregoing it is evident that no effort has been made on the part of appellant to perfect an appeal in accordance with the alternative method set forth in section 953a of

the Code of Civil Procedure, because no request for a transcript was filed within the ten days allotted, and no transcript was filed within twenty days thereafter, nor at any time, and appellant's time to take an appeal by this method has since expired.

It is at once apparent that appellant has attempted to present his appeal on a bill of exceptions. However, the court, after giving appellant time to amend his bill, which he refused to do, granted a motion to strike the proposed bill from the files on October 20, 1941. On November 25, 1941, this court dismissed appellant's petition to settle a bill of exceptions under section 652 of the Code of Civil Procedure.

The question now presented is whether appellant's appeal can or should be dismissed, and this question seems to have been settled by the case of *Tingley* v. *Otis,* 141 Cal. 71 [74 Pac. 448], wherein, upon an appeal, where a bill of exceptions had been stricken from the files by the superior court, the Supreme Court held that nothing remained before it except the notice of appeal, and that if no motion to dismiss had been presented, it would have been the court's duty to dismiss on its own motion.

Rule VI, section 1, of the Rules for the Supreme Court and District Courts of Appeal provides that on motion to dismiss an appeal for failure to file the transcript within the prescribed time, there shall be presented the certificate. of the clerk of the court below certifying ". . . the fact and date of the entry of order of termination, if any, by the trial court of any proceeding for the settlement of a bill of exceptions or transcript. It shall be incumbent on the party moving to dismiss to show by such certificate or by affidavit that no proceeding for a bill of exceptions or transcript under section 953a is pending in the trial court, and if no such proceeding was ever instituted that the time to institute the same has expired." The case of *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686], holds that a statement in the clerk's certificate in words following the wording of said rule VI, section 1, is insufficient and merely the conclusions of the certifying clerk. In the present case the clerk's certificate shows the fact and date of the serving and filing of the notice of order denying motion for new trial and the other steps taken or not taken under sections 650, 953a and 953d of the Code of Civil Procedure, and is in accordance with the cases of *Gross* v. *Cassin,* 43 Cal. 27; *Bruce* v. *Tunstall,* 24 Cal. App. (2d) 370 [75 Pac. (2d)

120] ; and *Atlas Assurance Co., Ltd.* v. *Tunstall*, 24 Cal. App. (2d) 371 [75 Pac. (2d) 121], cited in support of the motion to dismiss. It is evident that the striking of the proposed bill of exceptions from the files leaves no bill of exceptions in the case; that no steps on appeal were taken under the alternative method; that the forty-day period prescribed in rule I, section 1, Rules for the Supreme Court and District Courts of Appeal, within which the transcript shall be filed, has expired; and that the striking out of the proposed bill of exceptions and the refusal of this court to settle a bill of exceptions would seem to terminate proceedings completely as a dismissal in the lower court and leave this court in the same position as the court found itself in *Tingley* v. *Otis, supra,* that is to say, with nothing before it but an ineffectual notice of appeal.

For the reasons herein stated, the motion to dismiss the appeal must be granted, and it is so ordered.

A petition for a rehearing was denied March 16, 1942, and appellant's petition for a hearing by the Supreme Court was denied April 16, 1942.