[Civ. No. 3650. Third Appellate District.—January 21, 1929.]

THOMAS A. HUGHES, Appellant, v. MARY C. DeMUND, Respondent.

Alfred W. Hare and Charles E. Hobart for Appellant.

A. I. McCormick and Hewitt, Ford, McCormick & Crump for Respondent.

FINCH, P. J.—The complaint alleges that the parties are partners in the business of buying and selling real estate; that the partnership property consisted of twenty-one lots described in the complaint, and that the defendant has misapplied and refused to account for moneys belonging to the partnership. The prayer is for a dissolution of the partnership, an accounting and other relief. The answer denies the allegations of the complaint.

A trial was had before Judge Moncur, judge of the superior court of Plumas County, sitting in the superior court of Los Angeles County. The transcript of the oral testimony introduced at such trial covers 991 pages and the exhibits cover nearly 200 pages additional. At the end of

the hearing, on conflicting evidence, the court found the existence of the partnership and its ownership of the twenty-one lots, as alleged in the complaint, and "that plaintiff is entitled to an interlocutory judgment dissolving said partnership and decreeing that an accounting of the said partnership business be had between plaintiff and defendant, and that upon such accounting being had a final judgment in this action be entered in accordance with the facts found upon such accounting."

An interlocutory decree was thereupon entered, adjudging that the partnership is the owner of the lots described in the complaint, dissolving the partnership and ordering an accounting. Thereafter, on stipulation of the parties, the presiding judge of the superior court of Los Angeles County appointed a referee "to take and state and report to this court the accounting provided for and ordered in the findings and interlocutory decree heretofore entered in this action." The defendant and her witnesses appeared before the referee and gave testimony showing receipts and disbursements of the parties, but neither the plaintiff nor his counsel participated in the hearing. The referee reported his findings to the court, and thereafter the plaintiff moved the court to set such findings aside and the defendant moved that the report be confirmed and judgment entered in accordance with the findings of the referee. Both motions came on for hearing before Judge Collier, a judge of the superior court of Los Angeles County. At this hearing the defendant gave oral testimony in relation to the accounts between the parties, and Judge Collier read the testimony taken before Judge Moncur and that given before the referee. At the conclusion of the hearing the referee's report was by the court "set aside so far as it found the facts and applied the law, and the court, thereupon, itself, took up and considered all of the evidence in said cause" and found that the plaintiff and the defendant are not partners, that none of the lots described in the complaint were "ever at any time, the property of any partnership between plaintiff and defendant"; that the parties, "as a joint adventure, purchased" seven of the said lots, and that the plaintiff has no interest in the remainder thereof. In the accounting the court did not take into consideration any of the receipts and disbursements in connection with the fourteen lots found to

belong to the defendant. The seven lots, found to have been purchased as a joint adventure, were ordered to be sold and the proceeds applied in accordance with the rights of the parties as determined by the court on the accounting.

Appellant contends that, "though the interlocutory decree was not final, the findings of fact of Judge Moncur were final on issues therein." If such findings upon any issues are final, then the interlocutory decree must be final upon the same issues, because contradictory conclusions cannot be drawn from a single set of ultimate facts. An interlocutory decree, in a case such as this, "is not to be construed as a final determination of the rights of the parties with respect to any of the matters embraced therein." (*Doudell* v. *Shoo,* 159 Cal. 448, 454 [114 Pac. 579] ; *Pomper* v. *Superior Court,* 191 Cal. 494, 496 [216 Pac. 577] ; *Clement* v. *Duncan,* 191 Cal. 209, 215 [215 Pac. 1025] ; *Thompson* v. *White,* 76 Cal. 381, 383 [18 Pac. 399] ; *Gianelli* v. *Briscoe,* 40 Cal. App. 532, 536 [181 Pac. 105].) The defendant gave notice of appeal from the interlocutory decree in this case, and the attempted appeal was dismissed on the ground that such decree is not final and, therefore, not appealable. (*Hughes* v. *DeMund,* 70 Cal. App. 265, 267 [233 Pac. 93].) In *Welch* v. *Alcott,* 185 Cal. 731, 761 [198 Pac. 626], it was held that in a suit for the dissolution of a partnership it is not necessary even to make findings of fact prior to the taking of an account.

In the absence of consent or waiver, it was error for Judge Collier to make findings and decide material issues from the evidence introduced before Judge Moncur. "A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury." (*Guardianship of Sullivan,* 143 Cal. 462, 467 [77 Pac. 153].) "Where a case is tried by the judge, and the issues remain undetermined by him, his successor cannot decide, or make findings in the case, without a trial *de novo,* and consequently he cannot, in such a case, render a valid judgment or decree in the cause, notwithstanding the testimony may have been written down and preserved." (33 C. J. 973.) In the case of *In re Williams,* 52 Cal. App. 566, 568 [199 Pac. 347], in an opinion written by Mr. Justice Richards, it is said: "While it is true that preliminary examinations of persons accused of crime . . .

are usually less formal in matters of procedure than would be required upon the trial of the cause, it cannot be held that the essential principles of procedure and of evidence may be departed from by committing magistrates in the conduct of such examinations. . . . The magistrate who is to make the order either discharging the defendant or holding him to answer upon the charge must base that order upon evidence which he has admitted and upon testimony which he has heard in the usual way in which such evidence is presented and such testimony taken. He has no right to predicate his order upon something which has not occurred before him; upon evidence the admissibility of which he has not passed upon, and upon testimony the weight and value of which he has not measured by the appearance, the narration and the manner of testifying of the witnesses present in person before him.''

The final findings, signed by Judge Collier, recite: ''Both plaintiff and defendant were present in court during said final hearing and the conduct of each of said parties was observed by said court.'' The defendant gave testimony at the final hearing, but the plaintiff did not. Four witnesses other than the parties testified before Judge Moncur, the testimony of at least one of them being important upon the issue of whether the parties were partners. A mere view of a witness would be a poor substitute for the observation of the attitude and demeanor of the witness while under examination and his manner of testifying.

The findings also recite: ''Both of said transcripts of evidence,'' the evidence taken before Judge Moncur and that given before the referee, ''were offered, read from and relied upon by both plaintiff and defendant.'' The transcript of the proceedings at the final hearing shows that the plaintiff persistently objected to the admission and consideration by Judge Collier of the evidence given before Judge Moncur as a basis of final findings. That the objection was understood is apparent from a reference by the court, during argument of the objection, to the practice, ''on motion for a new trial, for one judge who did not hear the evidence at all, to pass on those motions'' and ''on the sufficiency or insufficiency of the evidence.'' The plaintiff's objection was finally overruled and the court announced that the evidence taken before Judge Moncur would be considered, together

with that given before the referee and at the final hearing, and findings made therefrom. Thereupon the parties stipulated that Judge Collier might "take the transcript and read it, rather than read it in open court." The record fails to show that the plaintiff "offered" any part of the transcript of the evidence given before Judge Moncur, and the fact that, after his objection thereto was overruled and the court had read the transcript, the plaintiff may have "read from and relied upon" parts thereof does not constitute a waiver of the objection.

It is true, as suggested by the trial court, that a judge who has not presided at the trial of an action may hear and determine a motion for a new trial, made on the ground of insufficiency of the evidence, and, in doing so, may weigh the evidence and decide according to the preponderance thereof. If the motion is denied, however, an appeal may be taken from the original judgment, rendered by a judge who heard the evidence. If a new trial is granted, the case will be decided again by a judge who hears the evidence. But in this case the judgment was rendered by a judge who did not hear the greater and more important part of the evidence.

No useful purpose would be served by passing on the questions arising out of the accounting which was had, because there can be no proper accounting until it has first been determined whether a partnership exists between the parties and what properly belongs to the partnership.

The judgment is reversed.

Shields, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 18, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1929.

All the Justices present concurred.