[L. A. No. 12674. In Bank.—August 28, 1931.]

MARY C. DeMUND, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hewitt, McCormick & Crump, A. I. McCormick and Leslie R. Hewitt for Petitioner.

Charles E. Hobart and Alfred W. Hare for Respondents.

SEAWELL, J.—This proceeding in *certiorari* is before us upon hearing granted after decision by the District Court of Appeal, Second District, Division Two (291 Pac. 861), refusing to annul an order of the Superior Court of the County of Los Angeles made by Judge Moncur of Plumas County, sitting as judge *pro tempore* in said court, which order appointed, or confirmed the previous appointment of a referee to take an accounting in an action brought for the dissolution of a partnership. The petitioner herein is the defendant in said action. Two previous appeals from an order and judgment made in the action have already been taken to the appellate court: *Hughes* v. *DeMund*, 70 Cal. App. 265 [233 Pac. 93]; *Hughes* v. *DeMund*, 96 Cal. App. 365 [274 Pac. 405]. The effect of the latter decision was to leave in doubt the course to be followed in future proceedings in the action. Because this uncertainty was not removed by the decision of the appellate court in the instant application for writ of review, this court deemed it advisable to grant the petition for hearing in order to make plain the course to be pursued in advance of further

action, rather than to compel the parties to await a decision upon a later appeal.

Thomas A. Hughes, plaintiff in the action for a dissolution and accounting, alleged the existence of a partnership between himself and petitioner, Mary C. DeMund, organized to deal in real estate; the ownership of twenty-one lots as partnership property; and the misapplication of partnership funds by said petitioner and her refusal to account therefor. Petitioner denied the existence of a partnership, and also denied the charge of misapplication of funds. Judge Moncur, sitting in said Superior Court of Los Angeles County, upon the consideration of oral testimony covering several days, found that a partnership existed and entered an interlocutory decree dissolving said partnership and ordered that an accounting be taken. The defendant took an appeal from the subsequent order denying a new trial, which the appellate court dismissed on the ground that the order decreeing the existence of a partnership was not final, but interlocutory, and hence the motion for a new trial did not lie. (70 Cal. App. 265 [233 Pac. 93].)

Thereafter the Superior Court appointed one Charles C. Montgomery referee to take the accounting ordered. Said referee reported his findings to the court. A motion made by plaintiff to set aside said findings came on for hearing before Judge Collier of said Superior Court together with a motion made by defendant to confirm said findings. Judge Collier set aside the findings of the referee, and after consideration of all evidence taken in the case, including the transcript of testimony taken before Judge Moncur, as well as the referee's report and oral evidence taken upon the hearing of said motions, found, contrary to Judge Moncur, that plaintiff and defendant were not partners; that a joint adventure existed between them as to seven of the lots described as partnership property, but plaintiff had no interest in the remaining fourteen lots. The seven lots were ordered sold and the proceeds applied in accordance with the rights of the parties as determined by the decree. Said judgment was reversed on appeal on the ground that in the absence of a consent or waiver Judge Collier could not without a trial *de novo* determine a cause partially tried before Judge Moncur, relying in part on the testimony taken before Judge Moncur. (96 Cal. App. 365

[274 Pac. 405].) A party litigant is entitled to a decision upon the facts by the judge who hears the evidence. It is the opinion rendered upon this judgment of reversal which casts doubt upon the future course to be pursued in the action.

Judge Moncur, who was again sitting as judge *pro tempore,* construed the reversal as authorizing him to take up the cause at the point he had reached when Judge Collier came into the case, and to proceed to final judgment without a trial *de novo,* considering the great volume of evidence previously taken before him. Relying on this interpretation, Judge Moncur entered the order which petitioner attacks in the instant proceeding. Said order makes reference to the decision of the appellate court, from which, the court states, it appears that Judge Moncur "still has jurisdiction in the above matter, and is the only judge who can proceed in the action . . . without a trial *de novo".* It confirms the appointment of Charles C. Montgomery, the referee first appointed, and orders him to take a full account to date. We are satisfied that Judge Moncur, who is a judge of the Superior Court of the State of California assigned to the county of Los Angeles, is acting in accordance with law.

Petitioner contends that the effect of the unqualified reversal of the judgment of Judge Collier, who undertook to make a final disposition of the proceeding, is to place the case in the same position as if it had never been tried, and it must be tried *de novo;* and that the evidence taken before Judge Moncur may not be considered for any purpose, with the result that an accounting has been ordered and a referee appointed upon the pleadings, which deny the existence of a partnership, without even a *prima facie* or any showing that the case is one in which petitioner may be compelled to submit to an accounting. Therefore, petitioner contends, the order is beyond the jurisdiction of the court and void. Properly construed, the judgment of reversal can have no such effect.

The judgment rendered by Judge Collier was reversed for error occurring after the entry of the interlocutory decree and not affecting the validity of said decree. It would have been error upon the reversal of the final judgment upon grounds having no application to the validly entered interlocutory judgment for the court to have also directed

the reversal of said interlocutory judgment. It is not to be presumed from the order "judgment reversed", which concludes the opinion disposing of the appeal from the unauthorized final judgment, that the court, acting contrary to law, intended also to annul the interlocutory decree.

Although an interlocutory decree from its nature operates only until disposition of the cause by final judgment, an abortive final judgment entered by an unauthorized judge does not permanently destroy the effectiveness of said interlocutory decree nor impair the validity of the proceedings which led to its entry. Upon the reversal of the final judgment, the rights of the parties to proceed from the point where error came into the proceeding are revived. The cases cited by petitioner as authority for the rule that upon an unqualified reversal the case must be tried *de novo* did not involve an interlocutory decree which had been properly entered.

Plaintiff concedes that the interlocutory decree, which determined the existence of a partnership as grounds for appointing a referee, will not bind Judge Moncur to enter a final judgment in accordance therewith. Upon the appeal reported in 96 Cal. App. 365 [274 Pac. 405], plaintiff contended that although the interlocutory decree was not final and appealable in the sense that it was a complete disposition of the cause, the findings of Judge Moncur were nevertheless final and binding on the issues to which they related. The appellate court rejected this contention. One of the cases which the court cited as authority was *Doudell* v. *Shoo*, 159 Cal. 448 [114 Pac. 579, 582]. In that case the court said in regard to a judgment similar to that in the instant case: "We are satisfied that the judgment is not to be construed as a final determination of the rights of the parties with respect to any of the matters embraced therein. In the first place our procedure contemplates that there shall be but one final judgment in a cause [citing cases], and in the absence of a clear showing, it is not to be presumed that the court would attempt to dispose of a case piecemeal by successive final judgments, each covering a part of the matters in controversy."

Petitioner places much reliance on the appellate court's statement upon the last appeal that no useful purpose would be served by passing on the questions arising out of the

accounting which was had prior to Judge Collier's action because there could be no proper accounting until it had first been determined whether a partnership existed between the parties and what property belonged to the partnership. (96 Cal. App. 370 [274 Pac. 405].) This statement does not mean that before an accounting may be undertaken in the lower court, the question of the existence of a partnership must be considered again, and a trial *de novo* had, but rather that a final settlement of the account cannot be had without a final determination of the partnership issue. This being the case, it would serve no purpose for the appellate court to consider questions arising on the accounting, which depend on the solution of the partnership issue, where there has been no final judgment on that issue by an authorized judge.

It would be an unjust rule which would permit unauthorized action by a judge who did not hear the evidence to place upon plaintiff the burden of commencing the proceeding anew, notwithstanding testimony has been taken covering almost one thousand typed pages, merely because in the first instance the judge may have ordered an interlocutory decree which is not necessarily conclusive against defendant as to the final issue.

For the reason that the order of Judge Moncur entered after reversal of the Collier judgment is proper in all respects, it becomes unnecessary to consider the other points raised, including the question whether a writ of review would be available as a remedy had said order been improper.

The application is denied and the writ dismissed.

Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.