[Civ. No. 14816. First Dist., Div. One. Feb. 5, 1952.]

E. V. LACEY, Respondent, v. S. BERTONE, Appellant.

Allen Spivock for Appellant.

Andrew J. Eyman and Bernard B. Glickfeld for Respondent.

BRAY, J.—Appeals from two orders of the superior court, one denying plaintiff a new trial but reopening the case for further proceedings and amending certain findings and portions of the interlocutory judgment; the other, denying defendant's motion to correct the first order.

### QUESTION PRESENTED

Fundamentally the question is whether under the circumstances of this case, after an interlocutory judgment is entered, a judge to whom the case is referred for an accounting, but who did not try the case originally, may change or modify the prior findings and decree.

### RECORD

The action was one for specific performance of an agreement for the sale of real property. It was originally tried before Honorable Pat R. Parker, who made findings of fact and conclusions of law and rendered an interlocutory decree to the effect that plaintiff was not entitled to specific performance, but that defendant recover judgment on his cross-complaint cancelling said agreement and restoring possession to plaintiff of certain real and personal property, including certain moneys. The decree then provided that plaintiff account to defendant for certain sums; "that in the event said E. V. Lacey fails to render such account, or in the event that the Court finds such account unsatisfactory, incomplete or otherwise objectionable, the Court will fix a time and place for a hearing to be held before the above entitled Court upon such notice as the Court may designate and fix, to determine the amount due said S. Bertone from said E. V. Lacey pursuant to the terms of the contract of August 1, 1945, to the date of this decree." From this decree plaintiff appealed. On that appeal, *Lacey* v. *Bertone,* 33 Cal.2d 649 [203 P.2d 755], the

Supreme Court held that the appeal was premature because the judgment was merely interlocutory, and left undetermined certain items as to which an accounting was required. The cause was remanded for determination of these items. In the meantime Judge Parker died. The further hearing was before Honorable Preston Devine. After taking evidence, Judge Devine made his findings of fact, conclusions of law and final judgment and decree. Plaintiff thereupon moved for a new trial. It is the order made upon this motion from which the first appeal is taken. Defendant moved "to Correct Minute Order Denying Motion for New Trial or to Enter Previous Judgment as Final." The second appeal is from the order denying this motion. Defendant, contending that the order made on motion for new trial should be corrected to read simply "Motion for new trial denied," attacks all of said order except the portion denying the new trial. The two appeals will be considered together, for, if the first order was valid, the second order refusing to change it was likewise valid. On the other hand, if the first order was invalid, then the court should have granted plaintiff's motion to enter the previous judgment as final.

## POWER OF SECOND JUDGE

The order complained of* first denied plaintiff's motion for new trial "so far as specific performance is concerned." It then proceeded to modify or vacate certain findings contained in Judge Parker's findings of fact, certain findings contained in Judge Devine's findings of fact, one finding in Judge Parker's interlocutory judgment, and certain findings in Judge Devine's final judgment. It then provided: "The cause is reopened for further proceedings and the introduction of additional evidence in accordance with the provisions of section 662 of the Code of Civil Procedure, and the judgments heretofore rendered, interlocutory and final, are hereby set aside pending said further proceedings."

The changes in the findings all had to do with matters of accounting. They in nowise affected the findings upon which the denial of specific performance was based. They did, however, in two instances, at least, materially change Judge Parker's findings of payments made by plaintiff. Thus, what Judge Devine did in the order denying the new trial was to permit Judge Parker's findings and decree to stand on the

---

*Referred to herein as "order denying new trial."

issue of whether plaintiff was entitled to specific performance, but to change both his own and Judge Parker's findings on matters of accounting, and then grant a further trial on the accounting issues.

There can be no question but that so far as the findings Judge Devine made on the issues submitted to him are concerned, he had the power on motion for new trial to change or modify them. Nor can there be any question but that he had the power on such a motion to grant a further trial on the limited issues of the accounting. These powers are granted by section 662, Code of Civil Procedure, which provides in part: ". . . or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence . . ." See, also, *Gardner* v. *Rich Mfg. Co.*, 68 Cal. App.2d 725 [158 P.2d 23] ; *Veterans' Welfare Board* v. *Burt*, 4 Cal.App.2d 659 [41 P.2d 587].

Defendant's chief attack is based on the theory that Judge Devine had no power to change any finding made by Judge Parker. He relies on *City of Long Beach* v. *Wright,* 134 Cal. App. 366 [25 P.2d 541], which is based on *DeMund* v. *Superior Court,* 213 Cal. 502 [2 P.2d 985]. In that case findings and an interlocutory judgment were entered by one judge and then they were amended by a second judge. It was held that a second judge cannot on motion for new trial change, modify or reverse findings of a prior judge who actually saw the witnesses, heard the evidence, arguments of counsel, and with conflicting evidence before him made findings thereon. However, that case is distinguishable from ours in that there the second judge based his action merely on a review of the record of the proceedings before the first judge and took no evidence. Here Judge Devine made his findings on the evidence brought before him in the eight days of the accounting trial. We do not have the record of the testimony taken but we have the right to presume that it covered all phases of the accounting and to some extent duplicated testimony bearing on that issue heard by Judge Parker. ■ In the absence of a showing that Judge Devine did not base his action on complete evidence produced before him but acted on a comparison of the evidence which he heard with the record of the evidence before Judge Parker, we must assume the regularity of his action.

■ It is obvious that where an issue is referred to a second judge by an interlocutory judgment and all the evidence on that issue is heard by that judge there is no reason why he

may not make new findings on that issue, regardless of the findings of the first judge. Here, there was a judgment which was not a final one. Had the first judge proceeded with the accounting matter, at the time of making the final judgment he could have changed any of his prior findings if he felt that the evidence required it, even including the findings on the main issue. So a second judge in making his final judgment may change such of the prior judge's findings which he feels the evidence requires, provided only that he has heard all of the evidence on that subject and is not merely contrasting the evidence he has heard with the cold record of the testimony before the other judge. Thus he would be complying with the rule laid down in the Wright case, *supra* (134 Cal.App. 366, at p. 370): ''It has long been the law of this state that 'a party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury,' and that 'he cannot be compelled to accept a decision upon the facts from another judge.' ''

There is another aspect of the matter which should be considered. The court, pending the further proceedings for which the case was reopened, set aside both the interlocutory and final judgments. It may be that after hearing the additional evidence the court may change or modify the present findings. Thus there is no finality until a new final judgment has been rendered and is made final by a denial of a new trial in the event one is sought. Therefore a discussion of the present findings is academic, although the parties are entitled to this ruling as to the powers of the substitute judge.

█  It has long been the law that on motion for new trial a substitute judge may on a review of the record alone grant a new trial where the judge who made the judgment has died. (*Halperin* v. *Guzzardi*, 95 Cal.App.2d 31 [212 P.2d 9]; *Jones* v. *Sanders*, 103 Cal. 678 [37 P. 649].)  █  As said in *Hohn* v. *Pauly*, 11 Cal.App. 724 [106 P. 266], concerning the reopening of cases for further evidence, ''we must assume that it [the reopening of the case] was in furtherance of a desire to reach a just conclusion upon the merits, and this certainly is not to be condemned.'' (P. 733.) *McAllen* v. *Souza*, 24 Cal. App.2d 247 [74 P.2d 853], dealt with a situation somewhat similar to the one here, except that a total new trial was granted. After making findings and an interlocutory judgment the judge died. Defendant appealed, as in our case. The appeal was held premature because the interlocutory judg-

ment was not a final judgment. The judge who originally tried the case died. A motion was made before a new judge to set aside the interlocutory judgment on the ground that the case had been only partly tried and no final judgment entered and that defendant was entitled to have a decision upon all the facts by a judge who had heard all the evidence. This motion was granted. On appeal from the final judgment, defendant contended that the new judge had no power to set aside the interlocutory judgment made by the prior judge. In denying this contention, the reviewing court pointed out (p. 250): ''The interlocutory judgment here was not final in any sense of the word. It was not appealable (*McAllen* v. *Souza, supra* [7 Cal.App.2d 130 (45 P.2d 832)]), it required no findings to support it (*Welch* v. *Alcott,* 185 Cal. 731, 761 [198 P. 626]), and any findings or conclusions made at the time of the entry thereof were subject to change or modification at the time of entry of the final judgment.'' It then goes on to state that where a judge dies before the entry of a final judgment, a new judge may not render a valid judgment without a trial de novo because a party litigant is entitled to have a decision on the facts of the case from the judge who hears the evidence. It then holds that this rule applies to cases requiring an accounting after an interlocutory judgment. This supports our conclusion, for on the accounting issue there was, in effect, a trial de novo before Judge Devine.

The orders are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

The opinion was modified to read as above printed on February 20, 1952.

A petition for a rehearing was denied March 6, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 31, 1952.