[Civ. No. 14958. First Dist., Div. Two. June 20, 1952.]

PASEZ PEREZ, Appellant, v. FELIX S. PEREZ, Respondent.

Phil F. Garvey and James A. Himmel for Appellant.

Gladstein, Andersen & Leonard for Respondent.

NOURSE, P. J.—Two appeals from separate orders granting defendant's motion to recall execution and strike alimony provisions from an interlocutory decree of divorce are presented together.

The first point raised by the appellant is that the court was without jurisdiction to hear the motion because the notice thereof did not state the grounds upon which it would be made as required by section 1010 of the Code of Civil Procedure. The point is without merit. In participating in the hearing and in failing to object to the form of the notice the question of its sufficiency was waived. *Hecq v. Conner*, 203 Cal. 504 [265 P. 180]; *Peers v. Stoll*, 32 Cal. App.2d 511 [90 P.2d 119]; *Simonini v. Jay Dee Leather Products Co.*, 85 Cal.App.2d 265 [193 P.2d 53].

The second point states error in the trial court when it heard oral testimony in support of the motion whereas the notice stated that it would be heard on the accompanying affidavit. The record does not show that any objection was made to this procedure. Section 1010 Code of Civil Procedure reads in part: ". . . the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and *the papers, if any*, upon which it is to be based." It does not require the statement of other evidence than papers. Although section 2009 Code of Civil Procedure permits the use of affidavits on motions,

other evidence is admissible (18 Cal.Jur. 656; *Younglove* v. *Steinman*, 80 Cal. 375, 377 [22 P. 189]). ▓▓ Even if oral evidence had not been admissible without notice, appellant could not complain on appeal of its consideration when he did not object below. (*Holzer* v. *Read*, 216 Cal. 119, 123 [13 P.2d 697]; 2 Cal.Jur. 263.) There is no reason whatever why this general rule should not apply to the hearing of a noticed motion, where waiver of requirements of such notice is readily accepted (see *Hecq* v. *Conner*, 203 Cal. 504 [265 P. 180], etc.)

One of the grounds upon which appellant relies is that the formal order signed by Judge Traverso is a nullity because Judge Traverso did not hear the evidence. In *Reimer* v. *Firpo*, 94 Cal.App.2d 798, 800-801 [212 P.2d 23] the court held: "It is quite clear that, when a case requiring findings is tried, the trial is not complete but is still in process of determination until findings are signed and filed. Until that time, the trier of the fact may change his mind, and, even though an order has been made directing the entry of judgment, may order a different judgment to be entered . . . It is equally clear that no successor of (the judge) on the trial bench, and no associate of his on that bench, had the legal power to complete the incomplete trial by signing the findings." As authority the following is quoted from *Guardianship of Sullivan*, 143 Cal. 462, 467 [77 P. 153]: "A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury, and from the jury that hears the evidence, where it is tried with a jury. He cannot be compelled to accept a decision upon the facts from another judge or another jury." In that case it was held that another judge of the same court than the one who had heard the evidence had jurisdiction to give the decision, that the right to have the same judge decide can be waived, but that it is error for another judge to decide the case without such waiver. See, also, *Hughes* v. *DeMund*, 96 Cal.App. 365, 368 [233 P. 94]; *DeMund* v. *Superior Court*, 213 Cal. 502, 505 [2 P.2d 985]; *McAllen* v. *Souza*, 24 Cal.App.2d 247, 251 [74 P.2d 853]; *Bartholomae Oil Corp.* v. *Superior Court*, 18 Cal.2d 726, 728 [117 P.2d 674].

However in this case there is a serious question whether any findings were required. In the recent case, *Parker* v. *Parker*, 107 Cal.App.2d 215, 217 [236 P.2d 828] this court said: "The trial court was not required to make findings.

'The universal practice in this state is not to require findings on an order made after motion.' (*Waymire* v. *California Trona Co.*, 176 Cal. 395, 399-400 [168 P. 563].)'' The Waymire case is based on *Waller* v. *Weston,* 125 Cal. 201, 204 [57 P. 892] which holds that findings of fact are only required as to issues of fact specified in section 590 Code of Civil Procedure to wit, matter alleged in a complaint and controverted by answer and new factual matter in the answer. In *Euclid Candy Co.* v. *International Longshoremen etc. Union,* 49 Cal.App.2d 137, 142 [121 P.2d 91] this court held that findings of fact had no place in an order granting a temporary injunction although based on a transcript of 1,400 pages. See, also, *Pessarra* v. *Pessarra,* 80 Cal.App.2d 965, 969 [183 P.2d 279]. ■ If on the basis of these cases we hold that no findings were required then the minute order of Judge Shoemaker was the final order, appealable under rule 2(b)(2) as there was no express direction for a written order and the formal written order of Judge Traverso was a nullity (*Pessarra* v. *Pessarra,* 80 Cal.App.2d 965, 969, *supra*). Even if we should hold that over and above the order granting defendant's motion an express order recalling the execution and striking provisions of interlocutory and final decrees of divorce had some separate significance, then still it could be said that where no findings were required the original order of Judge Shoemaker had disposed of all the issues and that then another judge of the court could perform the more or less perfunctory act of entering the formal order (compare 48 C.J.S. 1020 and *Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726, 728-729 [117 P.2d 674]). It would seem therefore that this argument cannot avail appellant.

■ It is argued that the issue of fraud is neither alleged nor proved. The affidavit of the husband expressly states that the provision for alimony and the execution were "obtained through fraud and deceit" consisting in representations of the wife that she did not want anything except a divorce. ■ The accompanying affidavit is treated as part of the notice of motion and if the affidavit sufficiently apprises the opposing party of the grounds on which the motion will be made a defect of the notice in that respect is cured. (*Hecq* v. *Conner,* 203 Cal. 504, 506 [265 P. 180].)

■ There is no express allegation in the affidavit as to when defendant gained knowledge of the fraud, although it may possibly be derived from his allegation that he was

never served with a copy of interlocutory or final decree and that he "is totally unfamiliar with the terms thereof except as he has presently been advised by counsel."

The power of the court to set aside the decree on the ground of extrinsic fraud is sustained in *McGuinness* v. *Superior Court*, 196 Cal. 222, 231-232 [237 P. 42, 40 A.L.R. 1110]; *Raps* v. *Raps*, 20 Cal.2d 382, 387 [125 P.2d 826]; *Dei Tos* v. *Dei Tos*, 105 Cal.App.2d 81 [232 P.2d 873], and *Cross* v. *Tustin*, 37 Cal.2d 821, 825 [236 P.2d 142].

The orders are affirmed.

Goodell, J., and Dooling, J., concurred.