[Civ. No. 14921. First Dist., Div. Two. Dec. 5, 1952.]

KATHRYN DAVID, Plaintiff and Appellant, v. LOUIS WARREN GOODMAN, Defendant and Appellant.

Cooley, Crowley & Gaither for Plaintiff and Appellant.

J. W. Ehrlich, Roy A. Sharff and John Shortridge for Defendant and Appellant.

GOODELL, J.—On August 18, 1950, judgment was entered in favor of plaintiff for $13,717 and costs. It contains the following provision: "Interest on said sum of $13,717 at the rate of 7% per annum from November 4, 1946 to the date hereof in the sum of $3,637.51 is denied." Defendant appealed from the judgment as a whole. Plaintiff appealed from the part just quoted disallowing interest.

This is the second time the case has been before this court. In 1946 plaintiff sued defendant for the rescission of a partnership agreement and an accounting. Defendant filed a cross-complaint in which he sought a dissolution, an accounting, and the appointment of a receiver. Plaintiff in her answer to the cross-complaint prayed for an adjudication that the partnership agreement be declared null and void. The case was heard by Honorable James G. Conlan who made findings and entered judgment wherein the partnership agreement was declared null and void and defendant was ordered to account to plaintiff. Defendant appealed, and after submission on the merits this court on its own motion dismissed the appeal on December 14, 1948, holding that the judgment was merely interlocutory, hence not appealable. (*David* v. *Goodman*, 89 Cal.App.2d 162 [200 P.2d 568].)

Judge Conlan passed away on June 10, 1949, before any further steps had been taken.

In February, 1950, plaintiff substituted her present counsel for counsel who had appeared on the appeal, and they moved for a reference for an accounting. Defendant thereupon moved for a trial de novo on the ground that Judge Conlan had died before the completion of the trial and "no final judgment had been entered and further proceedings were necessary in order to permit the court to arrive at a final judgment" and it would be impossible for another judge to finally adjudicate the rights of the parties without the opportunity by way of a new trial to become familiar with all the facts and the law pertaining to the litigation.

Plaintiff's motion for a reference was granted and defendant's motion for a trial de novo denied. The court appointed a certified public accountant as referee to state an account of the business for the period from March 9 to November 4, 1946, and report thereon.

When the referee's report was filed plaintiff moved for its confirmation ''upon the ground that said report is just and equitable and should be confirmed,'' and for judgment in accordance therewith.

Defendant immediately made another motion for a trial de novo on grounds similar to those urged in the original motion, which substantially presented the reasons (now relied on for a reversal) why a trial de novo was necessary. It presented, also, the ground that the report did not cover all the matters touched on in the interlocutory judgment and that it would be impossible to arrive at a final judgment based solely on the report.

Defendant also filed objections to the report.

The proceedings before Judge Conlan, eventuating in lengthy findings and the interlocutory judgment, consumed 10 trial days during which 16 witnesses were examined whose testimony was reported in 831 pages of transcript, and 46 exhibits were introduced, Such was the state of the record when the case was reassigned after Judge Conlan's death.

The hearings thereafter were restricted by the court to the examination of objections to the referee's report. The court announced repeatedly that there would be no retrial. At the first hearing there was this colloquy: ''Mr. Shortridge: But apparently . . . I have been unable to convince your Honor that there is far more to it than any report that Mr. Kasch could possibly make up. The Court: In other words, you want to start de novo? Mr. Shortridge: I think Mr. Goodman is entitled to it. The Court: You are not starting de novo, unless you can show me that this report is not correct.'' And when defendant was on the stand the court said: ''You see, I can't go behind what the other judge found. The other judge found that you were not a partner.''

As a result of these hearings the court cut down the figure ($15,011.57) for which it had originally intended to award judgment, to $13,717, and entered the judgment now appealed from without making any findings. The judgment after referring to the findings made by Judge Conlan, recites the 1950 reference for an accounting and the referee's report. It in-

corporates the interlocutory judgment by reference; approves the report as modified; adjudges $13,717 for plaintiff with costs, and orders each party to pay half the referee's fee. After its entry a new trial was denied.

■■■ Appellant states his principal contention as follows: "Appellant's legal right to have his case heard and finally determined by one trial judge was violated. Judge Conlan's judgment was interlocutory and subject to amendment. Therefore upon his death appellant's motion for a new trial should have been granted." Subsidiary to that contention, but definitely a part of it, is appellant's further claim that "a trial court is without power to enter a judgment based upon findings made by another judge."

The leading case in this state on the subject is *Guardianship of Sullivan*, 143 Cal. 462 [77 P. 153], an incompetency proceeding. There it appears that "The evidence was all taken and the examination of the alleged incompetent had before one judge, who has never given any decision in the matter. The matter was subsequently argued and submitted for decision to another judge, who never heard any of the witnesses testify, and before whom . . . no report of the testimony was ever produced. He orally decided . . . that letters of guardianship should issue. The only order of judgment ever entered was signed by still another judge, who had never heard either evidence or argument." In reversing the order the court said: "A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury . . . He cannot be compelled to accept a decision upon the facts from another judge . . ." That case has been followed in *In re Williams*, 52 Cal.App. 566 [199 P. 347]; *Hughes* v. *De Mund*, 96 Cal. App. 365 [274 P. 405]; *City of Long Beach* v. *Wright*, 134 Cal.App. 366 [25 P.2d 541]; *McAllen* v. *Souza*, 24 Cal.App. 2d 247 [74 P.2d 853], and *Reimer* v. *Firpo*, 94 Cal.App.2d 798 [212 P.2d 23]. See, also, *De Mund* v. *Superior Court*, 213 Cal. 502, 505 [2 P.2d 985], and *Foss* v. *Commissioner of Int. Rev.*, 75 F.2d 326, 329.

*Hughes* v. *De Mund, supra,* was an accounting suit. The first hearing was before one judge who entered an interlocutory judgment, and after the accounting further hearings were had before a different judge. It was held to be error, in the absence of consent or waiver, for the second judge to make findings and decide material issues from the evidence introduced before the judge who presided over the first hearing.

The court quoted 33 Corpus Juris, page 973, as follows: "Where a case is tried by the judge, and the issues remain undetermined by him, his successor cannot decide, or make findings in the case, without a trial *de novo,* and consequently he cannot, in such a case, render a valid judgment or decree in the cause, notwithstanding the testimony may have been written down and preserved."

In *McAllen* v. *Souza,* 24 Cal.App.2d 247, *supra,* the trial court heard certain evidence, made findings thereon, and entered an interlocutory judgment ordering an accounting. The defendant's appeal therefrom was dismissed (*McAllen* v. *Souza,* 7 Cal.App.2d 130 [45 P.2d 832]), because the judgment appealed from was not final. Thereafter, and before any further proceedings the judge died (just as here). A motion to set aside his judgment on the ground that the cause had been only partly tried; that no final judgment had been entered, and that defendant was entitled to have a decision upon all the facts from a judge who had heard all the evidence was granted, and (unlike this case) a trial de novo was ordered before a second judge, who decided in favor of the defendant. The plaintiff appealed, and this court in affirming the judgment said: "We therefore conclude that after the death of Judge McKenzie, which occurred prior to the entry of final judgment, no other judge could, in the absence of consent or waiver, proceed with the trial of the cause except upon a trial *de novo* and that the trial court therefore properly granted the motion of respondent to set aside the interlocutory decree which had been entered by Judge McKenzie." A hearing was denied by the Supreme Court and the case has been cited approvingly by that court in *Holmes* v. *Hatch,* 11 Cal.2d 376, 387 [80 P.2d 70], and *Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726, 728 [117 P.2d 674].

It is clear from the record that the case was treated by the trial court as though Judge Conlan's findings were final and conclusive except for the account. ██ In the first place, findings are not essential to the validity of an interlocutory judgment (*Welch* v. *Alcott,* 185 Cal. 731, 761-762 [198 P. 626]; *Holmes* v. *Hatch,* 11 Cal.2d 376, 387 [80 P.2d 70]; *Hughes* v. *De Mund,* 96 Cal.App. 365, 368, *supra;* *McAllen* v. *Souza,* 24 Cal.App.2d 247, 250, *supra;* *Lacey* v. *Bertone,* 109 Cal.App.2d 107, 112 [240 P.2d 395]) but even if they were, it is settled by the authorities cited earlier that a judgment entered by a judge other than the one who

heard the evidence and signed the findings (*in a case such as this*) is not valid. ██ Moreover, findings or conclusions made at the time of the entry of an interlocutory judgment are "subject to change or modification at the time of the entry of the final judgment" and "An interlocutory decree, in a case such as this [accounting], 'is not to be construed as a final determination of the rights of the parties with respect to any of the matters embraced therein [citations].' " (*McAllen* v. *Souza,* 24 Cal.App.2d 247, 250-251, *supra.*)

██ There was no consent or waiver in this case; appellant's counsel repeatedly insisted on the right to a retrial of the case in its entirety, while the court restricted the hearing to an examination of the referee's report.

Respondent cites two authorities from other jurisdictions (*St. Louis Southwestern Ry. Co.* v. *Henwood,* 157 F.2d 337, 342 and *Hoffman* v. *Shuey,* 223 Ky. 70 [2 S.W.2d 1049, 58 A.L.R. 842, 846]) but when a question is as well settled in the state as this is, there is no reason to resort to outside authorities.

Respondent relies on *Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726, *supra,* a mandate proceeding to compel the superior court to vacate an interlocutory decree and grant a trial de novo. There Judge McKeage after a hearing signed an interlocutory decree ordering an accounting. While the accounting was under way Judge McKeage's term of office expired and a successor took his place. Had the situation thus continued that case would be similar to this, but after a short time Judge McKeage was returned to the same court by appointment of the governor. When, after the accounting had been completed, the time came to resume hearings the case was again assigned to him. The court denied the writ, holding that there was no necessity for a trial de novo since the judge who had heard the first part of the case could, of course, hear the rest of it. A somewhat similar situation is found in *De Mund* v. *Superior Court,* 213 Cal. 502, *supra,* where the visiting judge who presided at the first hearing and ordered the accounting was again assigned to sit in Los Angeles and hence was available to hear the rest of the case. The Bartholomae case does not help respondent.

To again quote *McAllen* v. *Souza* (24 Cal.App.2d 251) :

"In view of the nature of said interlocutory judgment, we are of the opinion that when [the first judge] died after

the entry thereof but before the entry of the final judgment, the cause stood in the same position as any ordinary action, not involving an interlocutory judgment, in which the trial judge dies or ceases to hold office after partly trying the action but before the entry of the final judgment therein.''

It follows that the court erred in refusing to grant a trial de novo.

Appellant makes several other attacks on the judgment, most of them arising on the proceedings prior to the accounting, but there is no need to discuss them in view of the necessity for a new trial.

The reversal of the judgment likewise renders unnecessary a discussion of respondent's attack on the disallowance of interest.

The judgment is reversed with the direction to the trial court to retry the cause from the beginning, and in all its phases. Defendant to have his costs on appeal; plaintiff to pay her own costs.

Nourse, P. J., and Dooling, J., concurred.

Plaintiff and appellant's petition for a hearing by the Supreme Court was denied February 2, 1953. Traynor, J., was of the opinion that the petition should be granted.