[L. A. No. 12370. In Bank.—July 10, 1930.]

ANTONIO DI BLASI, Respondent, v. CONCETTA DE LUCA DI BLASI et al., Appellants.

Andreani & Haines and Andreani, Haines, Bisher & Carrey for Appellants.

S. S. Hahn, M. C. Spicer and W. O. Graf for Respondent.

PRESTON, J.—From the following considerations the appeal in this cause is dismissed.

The action is for the dissolution of a partnership and for an accounting in connection therewith. The court, after hearing the evidence, announced its decision in writing on the ninth day of May, 1930, wherein it found the existence of a partnership between the plaintiff and defendant Carmelo Di Blasi and said Angelo Di Blasi, deceased, in the mercantile business; that as a result of the operation of such partnership, real and personal property had been accumulated; that no accounting of its affairs had been made,

and that all partnership assets were in the hands of defendant Concetta de Luca Di Blasi; and concluded as a matter of law that plaintiff was entitled to an accounting of the affairs of the partnership. Pursuant thereto, on said day, the court gave and made its interlocutory order, which merely adjudged that plaintiff was entitled to an accounting as aforesaid, and appointed a referee to take evidence and report his findings of fact as to the property, real and personal, belonging to the partnership, without making any further adjudication of the issues involved in said cause.

On May 14, 1930, defendants filed a notice of appeal to this court from said interlocutory order and the whole thereof. On May 19th, thereafter, they petitioned this court for a *supersedeas* to restrain the said court below and said referee, pending the appeal, from proceeding under said interlocutory order. On May 29, 1930, an order to show cause on said petition was regularly made by this court, and September 15, 1930, fixed as the date of hearing thereof, with a stay of proceedings in the lower court pending said hearing. On June 17, 1930, plaintiff filed herein his petition for a rehearing upon said order upon the ground that said order so made and entered by the trial court in said action was a mere interlocutory order, and for that reason it was not appealable, whereupon this court, on June 23, 1930, set aside its said order of May 29th and entered a second order to the same effect, but fixing the hearing date as July 8, 1930.

Upon further consideration of the matter it appears clearly from the above statement that the order made by the trial court in said cause was, as contended by plaintiff, a mere interlocutory order, and for that reason no appeal therefrom can lie. This follows from a long line of settled holdings of this court: *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 Pac. 579]; *Pomper* v. *Superior Court*, 191 Cal. 494, 496 [216 Pac. 577]; *Clement* v. *Duncan*, 191 Cal. 209, 216 [215 Pac. 1025]; *Hughes* v. *DeMund*, 96 Cal. App. 365, 368 [274 Pac. 405]; *Gunder* v. *Gunder*, 208 Cal. 559 [282 Pac. 794]. The case of *Zappettini* v. *Buckles*, 167 Cal. 27 [128 Pac. 696], may be distinguished from the case at bar, but even if this were not so, said case would have to be considered as modified to conform to the holdings above referred to.

Treating the petition for a rehearing as a motion to dismiss the appeal as well, we deduce the conclusion first hereinabove set forth.

Curtis, J., Langdon, J., Waste, C. J., Richards, J., Shenk, J., and Seawell, J., concurred.