[Civ. No. 8398. First Appellate District, Division Two.—April 26, 1932.]

ELTA F. McFARLAND, Respondent, v. MAUDE R. MOTT, Appellant.

Carey & Gorfinkel and Maurice R. Carey for Appellant.

Knight, Boland & Christin and Charles A. Christin for Respondent.

SPENCE, J.—In this action for an accounting of the rents, issues and profits of certain real property, the trial court entered its judgment as follows: "That plaintiff is entitled to an accounting from the defendant, and to recover from the defendant, with interest, all the rents, issues and profits of said property and from the sales thereof in excess of the sums disbursed by defendant for plaintiff's account . . . and that a reference be had to determine such rents, issues, profits and amounts, and that James V. Farley be and he is hereby appointed as referee to ascertain and report the same to this court, for confirmation." Defendant appeals from said judgment.

As indicated in *Middleton* v. *Finney*, 214 Cal. 523 [78 A. L. R. 1104, 6 Pac. (2d) 938], at page 525, uncer-

tainty may have previously existed as to whether such judgment was appealable as a "final judgment" within the meaning of subdivision 1 of section 963 of the Code of Civil Procedure. The Supreme Court, however, considered the question in *Middleton* v. *Finney, supra,* and *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794], and the question is no longer an open one. Such judgment is not appealable, as it is not a "final judgment" within the meaning of that section.

The appeal is dismissed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.