[Civ. No. 8443. Second Appellate District, Division Two.—August 26, 1932.]

WILLIAM DILLER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Willcox & Judson for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, J. — The petitioners, together with an insurance company and others, were made defendants in an action upon a policy issued by said company wherein certain contractors sought to recover for services and materials furnished in reconstruction of buildings upon which the petitioners held a mortgage. The insurer at the time of the trial was granted leave to deposit in court the amount in controversy, with interest, and was dismissed from the action, from which order an appeal was taken. The petitioners thereafter objected to the introduction of evidence upon the ground that an appeal was pending, which objec-

tion was overruled. They instituted this proceeding in prohibition, praying that the superior court be restrained from hearing and determining the action until such appeal be decided. The respondent interposed a demurrer to the application, and it is here contended that the appeal so taken does not constitute a bar to a trial of the issues between the remaining parties upon the merits as to the ownership of the funds.

It is not made to appear that the defendant company had or may have any other interest in the controversy before the trial court than as above stated, nor is it contended that its retention in the case would affect the question as to ownership of the insurance moneys or the amount, if any, which may be due to the plaintiffs or to either of the defendants. It must follow that the order was not, and was not intended to be, a final determination of any issue before the trial court, that it left the issues framed by the pleadings for determination and the entry of final judgment, and that the petitioners could not be injured by the hearing of the question presented for decision below, following which the parties might resort to such other available remedies as the ultimate event might suggest. (*Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484 [114 Pac. 838]; *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794].)

The alternative writ of prohibition is discharged and the peremptory writ is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1932, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1932.