[L. A. No. 14860.   In Bank.—April 1, 1935.]

RUTH SUSAN HOLLAR, Respondent, v. SALINE PROD-
UCTS, INC. (a Nevada Corporation), et al., Appellants.

Hansen & Sweeney, M. M. Holman and Goodwin J. Oppe-
gard for Appellants.

Harry H. Parsons and George R. Maury for Respondent.

WASTE, C. J.—Based upon allegations of nonpayment
of rent and royalties, and other breaches of a lease of a
plant and real property, the plaintiff brought this action for
cancellation of the lease, immediate possession of the prop-
erty, and for judgment ''for all rents and royalties due''.
The trial court found in favor of plaintiff on all the issues,
and that the defendant ''is indebted to plaintiff for rents

and royalties in excess of $———, that such excess can be determined only by an accounting by the defendants''. Judgment was entered that plaintiff ''have and recover from defendants the immediate, peaceful, undisturbed possession'' of the entire property involved, and that the proper writ of possession issue; and that the sheriff of the county ''place plaintiff in possession''. It was ordered and decreed that the lease in question be canceled.

It was further ordered that a special master make the accounting found necessary to fix the amount due from the defendants, ''report back to [the] court, and inform [the] court in what amount the defendants are indebted to plaintiff on account of said rentals and royalties; that the plaintiff do have and recover judgment against said defendants in the amount of such sum, which is hereafter to be inserted herein, in the sum of $———. . . . That no stay of execution or of the issuance of the writ of possession shall herein be granted.''

█ The defendants appealed from the judgment, and plaintiff, as respondent here, moves to dismiss the appeal on the ground that it was prematurely taken, contending in support of the motion that no final judgment has been entered in the court below. Under the now accepted rule in this jurisdiction, the motion must be granted.

Respondent relies specifically upon the decision of this court in *Gunder* v. *Gunder*, 208 Cal. 559 [282 Pac. 794], where, on page 561, the court considered the ''conflict of authority on the question whether a decree which settles the basic issues between the parties, adjudges the complainant's right to an accounting and refers the items of the account to be found by a master, etc., is an appealable judgment''. The survey of the authorities made in that case is thorough, and the opinion was so recently filed that further discussion of it seems unnecessary. The decision in the Gunder case has been consistently followed by this court and by the District Court of Appeal. (*Di Blasi* v. *Di Blasi*, 209 Cal. 753 [290 Pac. 7]; *Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938]; *McFarland* v. *Mott*, 123 Cal. App. 79 [11 Pac. (2d) 18]; *Diller* v. *Superior Court*, 125 Cal. App. 554 [13 Pac. (2d) 988]; *Security-First Nat. Bank* v. *Superior Court*, 132 Cal. App. 683 [23 Pac. (2d) 1055].) █ Prior to the decision in the Gunder case, *supra*, there had existed

considerable confusion as to the final effect of a judgment fixing the liability and rights of the parties, but referring the cause to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account upon which a further decree was to be entered. The court, in its decision in the Gunder case, squarely held that such a judgment is not final. In the Di Blasi case, *supra,* this court affirmed the ruling in the Gunder case and said (p. 754) that an earlier case (*Zappettini* v. *Buckles,* 167 Cal. 27 [128 Pac. 696]) might be distinguished ''but even if this were not so, said case would have to be considered as modified to conform to the holdings'' referred to, i. e., the Gunder case. In the instant case, the peculiar form of the judgment seemed at first to indicate that it was intended to be a final judgment, but there remained a judicial act to be done, the approval of the account to be stated by the master appointed for that purpose. As entered, the judgment was not complete.

The motion to dismiss the appeal on the ground that it was prematurely taken is therefore granted.

Thompson, J., Curtis, J., Langdon, J., and Shenk, J., concurred.

PRESTON, J., Concurring.—I concur with some reluctance in this judgment.

A trial court should, where the judgment disposes of more than one issue, make the same final as to some and interlocutory as to others.

But I think the trial court in such case should declare explicitly whether all issues are to be later readjudicated.