[S. F. No. 15380.  In Bank.—September 24, 1935.]

JOHN GUTHRIE HEYWOOD, Respondent, v. CHARLES H. SOOY, Appellant.

Fred L. Berry and G. G. Sanders for Appellant.

J. H. Sapiro, Gregory A. Harrison and A. A. Heer for Respondent.

WASTE, C. J.—Plaintiff and respondent moves to dismiss an appeal by defendant from an alleged nonappealable order. The action is one for a partnership accounting after voluntary dissolution, appointment of a receiver, and determination of all property rights of the interested parties. After findings made the trial court entered an "Amended Interlocutory Decree" in which it was adjudged that an accounting be had, fixing the interests of the parties in "three particular matters of the firm's copartnership business in controversy", and finally determining and setting out each one with particularity and the amounts each party is to pay in the accounting, but, as to "unfinished business of said firm which has yet to be concluded before a final accounting may be had" the court reserved these matters "until such time and after such proceedings had that the court can make a final determination hereof and a final decree herein". Payment by either of the parties of any money, except as in the decree provided, is directed to "await the further order of the court".

We cannot escape the conviction that the decree as entered was not intended to be, and is not, a final decree. The plain reading of the language of the decree leaves no doubt on that question as presented by the appeal. No receiver is appointed, should that be deemed by the trial court to be necessary, and no complete accounting can be had until the matter of the partnership found by the court to be in the state of "unfinished business" can be adjusted. A plainer case of an interlocutory decree reserving other matters for future adjudication before the entry of a final decree can hardly arise.

While citation of authority seems unnecessary, we refer to the following: *Hollar* v. *Saline Products Co.*, 3 Cal. (2d) 80 [43 Pac. (2d) 273]; *Gunder* v. *Gunder*, 208 Cal. 559 [282 Pac. 794]; see, also, *Security-First Nat. Bank* v. *Superior Court*, 132 Cal. App. 683 [23 Pac. (2d) 1055].)

The appeal of the defendant is dismissed.

Shenk, J., Thompson, J., Seawell, J., and Langdon, J., concurred.