[Civ. No. 3482.   Fourth Dist.   Dec. 5, 1947.]

HAROLD B. PHILLIPS, Respondent, v. CHARLES J. CLEAVER et al., Appellants.

752

Alva D. McGuire and James C. Webb for Appellants.

William W. Waters for Respondent.

BARNARD, P. J.—This is an action for an accounting and for damages arising out of a farming venture.

The plaintiff, as the owner of about 34 acres of land, entered into an oral agreement with the defendant Cleaver for the farming of the land during the 1944 crop year. The agree-

ment was entered into on December 10, 1943, and provided that Cleaver would furnish the tools and the labor of one man; that he would farm the land, putting in about 18 acres of barley and about 16 acres of fall potatoes; that all expenses, including the cost of any additional labor, should be shared equally by the parties; and that they would share equally in any profits derived from the venture.

Cleaver neglected to begin operations until the season for planting barley had passed, so no barley was planted. In February, 1944, Cleaver turned over the farming of the land to the defendant Hanzlik under some sort of an arrangement between them. Hanzlik planted 18 acres of watermelons, but because of late planting and improper care the crop produced was very small. Later on, Hanzlik planted about seven acres of the land to fall potatoes, and for the same reasons a small crop was produced. The remaining nine acres was never planted to anything.

Having received nothing from the crops produced, the plaintiff brought this action for an accounting and for damages. The court found in favor of the plaintiff, finding that this was a joint adventure as between the original parties; that Hanzlik acted as the agent of Cleaver during this cropping season, but claimed an interest in the profits from the joint adventure; that crops of watermelons and potatoes were produced; that the defendants retained all the proceeds therefrom and had refused to account to the plaintiff therefor; that it was impossible to ascertain the amount due to the plaintiff from the proceeds of these crops without an accounting by a referee; that the defendants had failed to properly care for the crops which were planted; that the defendant Cleaver had failed to plant 18 acres of barley, had failed to plant nine acres to any crop at all, and had failed to properly farm and care for such crops as had been planted; and that the plaintiff had been damaged in the sum of $2,500 because of such failure on the part of Cleaver. A judgment, which followed the conclusions of law, was then entered on June 25, 1946, which provided (1) that a certain referee be appointed to take an account and report his findings with respect to the receipts and expenditures in connection with the crops that were produced; (2) that plaintiff have and recover from the defendants, and "they are hereby ordered to pay to plaintiff," the amount which such an accounting disclosed to be due to him; and (3) that plaintiff have and recover from the

defendant Cleaver, and that Cleaver "is hereby ordered to pay to the plaintiff" the sum of $2,500 as general damages for his breach of the contract as above indicated.

The defendants Cleaver and Hanzlik each appealed from this judgment within the time allowed, and requests for transcripts were filed. While these appeals were pending, the referee proceeded to hold a hearing and make the accounting. The referee filed his report on October 16, 1946, showing that receipts from the venture were $3,033.87, disbursements $2,066.24, and the net profit $967.63, and finding that one-half of this profit, or $483.81, was the amount due to the plaintiff. On October 28, 1946, the court entered another judgment reciting that the referee had reported that $483.81 was due to the plaintiff, and decreeing that the plaintiff recover from the defendants Cleaver and Hanzlik the sum of $483.81, with costs. The defendants Cleaver and Hanzlik separately appealed from this judgment also, and the appeals from both of the judgments above referred to are here presented.

The appellant Cleaver contends that his agreement with the respondent was substantially performed; that the entry of any judgment against him was clearly erroneous since the evidence conclusively shows that he withdrew from this venture and that Hanzlik was substituted in his place, with the knowledge and consent of the respondent who confirmed such substitution; and that the evidence further does not support the award of $2,500 damages made against him.

The contentions that this agreement was substantially performed and that Hanzlik was substituted in place of Cleaver by agreement of the parties rest upon mere conflicts in the evidence. There is ample evidence to show that the agreement was not substantially performed, and the same is true with respect to the matter of substitution of parties to the contract. While there is some evidence that the respondent was told about the 10th of May, 1944, that Cleaver had turned the entire matter over to Hanzlik and that the respondent made an equivocal reply, this was not only denied by the respondent but there is evidence that when it was brought to his attention at that time, or later, that Hanzlik claimed some interest in the project, he informed Cleaver that he would not release him from his obligation. Among other things, Hanzlik, on July 31, 1944, wrote a letter to the respondent stating that he had agreed with Cleaver to work the place on the same basis as the original contract with Cleaver, and that they had

agreed between themselves not to inform the respondent of that fact. The evidence is entirely sufficient, in these respects, to support a judgment as against Cleaver for any amount or amounts that may properly be found due to the respondent.

On the other hand, the evidence is not sufficient to support the award of $2,500 as general damages against the appellant Cleaver. While it conclusively appears that he breached his contract, and while there is evidence as to the amount of barley that could have been produced on the 18 acres and as to the amount of potatoes that could have been produced on 16 acres, if planted and properly cared for, evidence as to several elements which would then be necessary in order to show the amount of resulting damage is lacking. The amount of the judgment allowed by the court seems to have been arrived at by allowing damages not only for failure to plant the grain but also for matters in connection with the watermelons which were later planted on the same ground. While the matter of the watermelons was material and important in connection with reducing any damages caused by the original breach of the contract, the respondent was not entitled to double damages in connection with the same ground. It would appear from such figures as are in the record that the court not only overlooked this matter but that it overlooked the fact that, in determining what the result would have been had the contract been performed, the respondent would have been entitled to only one-half of any net profits and not to all of such profits. It follows that this judgment for $2,500 against the appellant Cleaver should be reversed and the matter remanded for a new trial on the sole issue as to the amount of such damage suffered by the respondent.

On a retrial, care should be taken to avoid giving the respondent double compensation for the breach of contract upon which he relies. If he recovers his full damages for the failure to plant and care for 18 acres of barley, he should not recover additional damage for failure to raise a sufficient quantity of watermelons on the same land.

With respect to the appeals of the appellant Hanzlik, it clearly appears that the first judgment, entered on June 25, 1946, was a final judgment not only as to the general damages awarded against Cleaver, but also as to the element of an accounting. A present judgment was ordered for, and the appellants were ordered to pay, the sum found to be due

to the plaintiff by reason of the accounting. Nothing further remained to be done in the nature of a judicial action, the rights of the parties were fully established, and all that remained was such proceedings as were necessary to carry the judgment into effect. This was a final judgment (*Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696]), and the court was therefore without jurisdiction to proceed with the accounting until the appeals therefrom were decided. ■ Moreover, it would appear that the referee's account, which was accepted by the court without a further hearing, erroneously held that certain disbursements amounting to $1,533.37 were not chargeable to the joint adventure. While these are not fully itemized it clearly appears that, under the original agreement of the parties, a part of these expenses were chargeable to the joint adventure. While not clearly appearing, it also seems probable that at least a large part of one of these items, that for labor in the amount of $899.51, was also chargeable to the joint adventure. Under the original agreement, all labor was chargeable to the joint adventure with the exception of that of one man, which was to be furnished by Cleaver. From a comparison with other items in the account it seems probable that an important element has been overlooked in making this account. In any event, a new accounting should be had.

■ Hanzlik's further contention that no judgment could be entered against him, since it was found that he was acting as Cleaver's agent, is without merit. It was further found that he claimed an interest in the proceeds of these crops, it appeared that he had sold the crops and received the proceeds, and he was the only one who was in a position to furnish the information necessary to an account.

That portion of the judgment entered on June 25, 1946, which awards $2,500 damages as against the appellant Cleaver is reversed and remanded for a new trial solely on the issue of the amount of the damages; the remainder of that judgment is affirmed; and the judgment entered on October 28, 1946, is reversed and that matter remanded for a new accounting. The appellants to recover their costs on appeal.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied December 20, 1947, and respondent's petition for a hearing by the Supreme Court was denied January 29, 1948.