[Civ. No. 22541.   Second Dist., Div. One.   Aug. 7, 1957.]

IRMA L. TAYLOR, Plaintiff and Respondent, v. LOTTIE L. TAYLOR et al., Defendants and Respondents; KATIE M. EUSTACE, as Executrix, etc., Appellant.

Edmond Gattone for Appellant.

Owen E. Kupfer and B. W. Kemper for Respondents.

DRAPEAU, J. pro tem.*—Plaintiff in this action prays for dissolution of a partnership, and for an accounting and receivership.

The partnership owns two producing oil and gas wells, oil equipment and an oil and gas leasehold interest. A large number of partners own proportionate shares in the lease and its oil.

Issues were framed, the case tried, and judgment rendered in the superior court.

The judgment was that receivers already appointed sell the property and divide the proceeds among the partners. The judgment determined the interests of the partners and the percentages to be paid to them; directed the receivers to manage and operate the lease until sold, and reserved jurisdiction to instruct and direct the receivers, to act upon their accounts, and "to make such other and further findings, orders, judgments and decrees" necessary to complete the winding up of the partnership.

Certain partners appeal from the judgment.

Certain other partners now move to dismiss the appeal upon the ground that the judgment is interlocutory and therefore nonappealable.

The basic rule is that where anything further in the nature of judicial action is necessary to a final determination of the rights of the parties a judgment is interlocutory. (Code Civ. Proc., § 963; *In re Los Angeles County Pioneer Society,* 40 Cal.2d 852, 858 [257 P.2d 1].)

So in this case the question presented to this court is whether or not there is anything left for future consideration by the superior court except compliance or noncompliance with the judgment.

An appellate court must determine from the substance and effect of the judgment whether or not it is final or interlocutory. (*In re Los Angeles County Pioneer Society, supra,* pp. 857-858; *Lyon* v. *Goss,* 19 Cal.2d 659, 669 [123 P.2d 11]; *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696]; *Phillips* v. *Cleaver,* 82 Cal.App.2d 751 [187 P.2d 80].)

The word "interlocutory" used in a judgment is not necessarily conclusive. (*In re Los Angeles County Pioneer Society, supra; Peninsula Properties Co.* v. *County of Santa Cruz,* 106 Cal.App.2d 669, 678 [235 P.2d 635].)

Examination of the judgment in this case compels the conclusion that it is final, and subject to appeal. It fully and

*Assigned by Chairman of Judicial Council.

finally determines the rights of the parties. All that remains to be done under its terms is to supervise the sale of the lease, and to see that the proceeds are divided among the partners as ordered.

In the Pioneer case an issue as to whether the Society held its assets for charitable purposes was not determined by the judgment, and our Supreme Court held that the judgment was interlocutory and not appealable. In the case of *Bakewell* v. *Bakewell*, 21 Cal.2d 224 [130 P.2d 975], the rights of partners in partnership assets were not determined.

The motion to dismiss the appeal is denied.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 3, 1957, and the petition of respondents L. A. Wagner and Margo M. Mayo for a hearing by the Supreme Court was denied October 3, 1957. Carter, J., and Spence, J., were of the opinion that the petition should be granted.