[Civ. No. 29089. Second Dist., Div. Four. Feb. 25, 1965.]

D. B. GRABLE, Plaintiff and Appellant, v. DAMAR PRODUCTION CO. et al., Defendants and Respondents.

Blair & Raydon and Gerald T. Raydon for Plaintiff and Appellant.

Leland, Hoffman & Kalik and Sherman A. Silverman for Defendants and Respondents.

KINGSLEY, J.—Plaintiff, a mortgagee in possession of certain real property, brought an action to foreclose the mortgage. On August 3, 1964, the court entered a judgment, fixing the sums due and owing from defendants to plaintiff, as of October 20, 1963, directing a sale of the property, and specifying the distribution of the proceeds of sale. Inasmuch as a substantial period of time had already intervened, and it was clear that more must necessarily intervene, before the sale could be accomplished, the judgment reserved jurisdiction in the court to adjust the ultimate liability between the parties by reason of additional credits to accrue to plaintiff for his expenses of operating, preserving, repairing and insuring the property, and credits to accrue to the mortgagors by reason of intervening profits from such operation. Thereafter, plaintiff sought and received a "Supplemental Judgment," which finally determined these matters as of September 21, 1964, and fixed an ultimate net balance due to plaintiff. This later judgment was entered on October 8, 1964. On October 13, 1964, plaintiff filed notices of appeal from both of these judgments. Defendants have now moved to dismiss the appeals as not taken within time.

At oral argument, and in the papers filed in connection with the motions, respondents admit that the appeal from the judgment entered on October 8, 1964, was timely and proper and that that appeal should not be dismissed. The motion, insofar as it applies to the second judgment will, therefore, be denied. The sole issue is as to the attempted appeal from the judgment entered on August 3, 1964. Since no motion for new trial was ever made, the notice is obviously too late. (Cal. Rules of Court, rule 2.) But that is not the real issue. The judgment of August 3, 1964, was appealable, at any time, only if it was a "final" judgment. (Code Civ. Proc., § 963.) If that judgment was final, as that term has been construed in the cases, the appeal must be dismissed as untimely, leaving, however, the timely appeal from the judgment of October 8, 1964, as an appeal from a special order made after judgment. However, if the judgment of August 3, 1964, was "interlocutory," the attempted appeal from it must be dismissed on that ground, but the valid appeal from the judgment of October 8, 1964, will bring before this court all matters involved in both judgments.

No cases involving a similar series of judgments in a mortgage foreclosure suit have been cited to us, nor has our own research disclosed any. Both parties rely, by analogy, on cases involving actions for accounting between partners and joint adventurers. We think that the case of *Zappettini* v. *Buckles* (1914) 167 Cal. 27 [138 P. 696], as construed and applied in *Price* v. *Slawter* (1959) 169 Cal.App.2d 448 [337 P.2d 914], is pertinent and requires a holding that the judgment of August 3, 1964, was final and not interlocutory. As was said in *Perry* v. *West Coast Bond etc. Co.* (1934) 136 Cal.App. 557, 559 [29 P.2d 279]: ". . . the . . . decree was final as to the determination of all issues of fact and law which were then in controversy." Clearly, the first judgment was "final" insofar as it decreed foreclosure, since otherwise no sale could take place; it also determined, finally, all matters of accounting up to the date which the parties themselves had elected to use. The fact that the court, and the parties, recognized that further litigation would be necessary for a subsequent accounting period does not detract from the finality of the judgment settling their accounts for the first period.

We conclude, therefore: (1) that the "Judgment of Foreclosure" entered on August 3, 1964, was a "final" judgment, appealable as such and that, notice of appeal not having been filed within the time allowed by law, the attempted appeal therefrom must be dismissed on that ground; (2) that the "Supplementary Judgment," entered on October 8, 1964, was a "special order made after final judgment," appealable as such, and that the notice of appeal, as to that judgment, was timely.

The purported appeal from the judgment entered on August 3, 1964, is dismissed; the motion to dismiss the appeal from the judgment entered on October 8, 1964, is denied.

Files, P. J., and Jefferson, J., concurred.