[Civ. No. 57128. Second Dist., Div. Four. July 28, 1981.]

MANUEL ROSE et al., Cross-complainants and Appellants, v. FRANCES BOYDSTON, as Administrator, etc., et al., Cross-defendants and Respondents.

**COUNSEL**

Roger A. Saevig for Cross-complainants and Appellants.

Walleck, Shane, Pelletier & Stanard, Roger L. Stanard and Robert M. Anderson for Cross-defendants and Respondents.

## OPINION

FILES, P. J.—This is an appeal from the dismissal of a cross-complaint for failure to bring the case to trial within the time provided in section 583 of the Code of Civil Procedure.

*Procedural history.*

On June 11, 1970, Jensen-Thompson Associates filed a complaint in the Ventura County Municipal Court against Manuel Rose and Ronald Brunswick, doing business as Location Research & Development Company, for payment of the fee for engineering services on a land development project. On December 18, 1970, Rose and Brunswick cross-complained against Benjamin and Donald Boydston for dissolution of an alleged joint venture and for an accounting and payment of whatever was due Rose and Brunswick.

In March 1971 the case was transferred to the superior court, and the Boydstons answered the cross-complaint.

Judgment was entered on the original complaint on stipulation of the parties.

The cross-complaint was tried on June 28 and 29, 1973, before Edwin Beach, Judge of the Ventura County Superior Court. Findings and an interlocutory judgment in favor of cross-complainants Rose and Brunswick on the existence and terms of a joint venture were filed on October 31, 1973. The interlocutory judgment declared: "That an accounting be had and rendered to this Court fixing and determining the amount of damages or other compensation due to any party. [¶] This decree is interlocutory and the Court will retain jurisdiction for such additional period of time as may be necessary for the purpose of rendering and settling an account herein."

At some time after the interlocutory judgment was filed, Judge Beach was elevated to the Court of Appeal, and the case was assigned

to Judge Willard of the Ventura County Superior Court. When the case came on for hearing before Judge Willard on May 29, 1974, it became apparent that opposing counsel had different views as to the effect of the interlocutory judgment. After a lengthy colloquy Judge Willard expressed his view that a mistrial must be declared and the entire case be retried de novo unless Justice Beach returned to complete the trial or the parties stipulated to be bound by the interlocutory decision. The hearing concluded with a minute order which provides as follows: "The court orders: 1. That trial of the action be continued to September 30, 1974, at 9:00 A.M. Department 3, there to be assigned for trial. 2. That such trial will be trial de novo on all issues involved in the case unless one of the following conditions occurs: a. That Justice Edwin Beach of the Court of Appeal is then available to try the case, or b. The parties stipulate that the prior findings, conclusions and interlocutory judgment signed and entered by Justice Beach are binding upon them."

The Presiding Judge of the Ventura County Superior Court did thereafter ask that Justice Beach be assigned back by the Chief Justice to complete this case, but it does not appear that any such assignment was made. Neither does it appear that the Chief Justice gave any indication whether or not Justice Beach might be assigned at some future time.

On September 16, 1974, the cross-defendants employed a new associate counsel who asked for a continuance of the proceedings scheduled for September 30. On September 23, pursuant to stipulation, Judge Willard made the following minute order: "Trial heretofore assigned to Justice Edwin F. Beach by order of June 10, [sic] 1974 to be heard on September 30, 1974 is vacated."

Thereafter the trial date was continued six times until on May 16, 1977, the presiding judge ordered the case stricken from the civil active list and the at-issue memorandum vacated. Five of those continuances were by stipulation. The minutes do not show the reason for the other one.

The cross-defendants filed a new at-issue memorandum on July 7, 1977, and after a trial setting conference on February 3, 1978, trial was set for July 31, 1978.

Cross-defendants gave written notice of that trial date.

Further continuances on the court's motion or by stipulation put the case over to August 21, 1978. On that date counsel for cross-complainants failed to appear and the case was dismissed. On August 29, 1978, the default dismissal was set aside and the case set for trial October 10, 1978. On the court's motion the case trailed to October 13, 1978, on which day cross-defendants filed a written motion to dismiss under Code of Civil Procedure section 583, subdivision (b) (failure to bring the case to trial within five years from commencement) and subdivision (d) (failure to bring the case to trial within three years after a mistrial).

On November 1, 1978, the motion to dismiss was granted by a minute order which was followed by the following bracketed citation: "[C.C.P. 583 (a), (b) and (d)]."

This appeal is from that order. The notice of appeal also refers to the court's order of May 29, 1974, which is not one of the orders from which a separate appeal may be taken. (Code Civ. Proc., § 904.1.)

*Effect of the elevation of Judge Beach.*

■ Before discussing the application of the dismissal statute (Code Civ. Proc., § 583), it is helpful to consider the posture of the case upon the departure of Judge Beach from the superior court.

The trial before Judge Beach resulted in findings that the parties had entered into a joint venture to purchase, lease out and develop some land owned by the Boydstons. The findings also described the terms of the agreement and related some of the acts done in performing the agreement, but did not include any statement as to the present status of the business. In the conclusions of law the court stated: "That said parties are entitled to an accounting and that either be required to pay to the other what on the taking of said accounting appears to be due to them as damages or compensation."

It is clear from this record that substantial issues remained undecided. The findings do not determine whether the parties had performed their respective duties, nor do they determine what assets existed and which party had control of them. The mention of damages in the conclusions of law indicates that the court had not determined whether, and to what extent, any of the parties had been guilty of a breach of duties owed to the others.

The "judgment" signed by Judge Beach was denominated "interlocutory" and was in substance interlocutory. The decision reflected in that interlocutory judgment was not final in any respect because further judicial decisions were required. (*Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 653 [203 P.2d 755]; *Middleton* v. *Finney* (1931) 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 7-11, pp. 3186-3188.)

The interlocutory judgment was subject to modification at any time prior to the entry of a final judgment. (*Travelers Ins. Co.* v. *Superior Court* (1977) 65 Cal.App.3d 751, 760 [135 Cal.Rptr. 579].)

In *Lacey* v. *Bertone* (1952) 109 Cal.App.2d 107 [240 P.2d 395], an action for specific performance, was tried before a judge who died after having made an interlocutory judgment and ordered an accounting. In affirming a decision made by a second judge the court said at page 111: "Had the first judge proceeded with the accounting matter, at the time of making the final judgment he could have changed any of his prior findings if he felt that the evidence required it, even including the findings on the main issue. So a second judge in making his final judgment may change such of the prior judge's findings which he feels the evidence requires, provided only that he has heard all of the evidence on that subject and is not merely contrasting the evidence he has heard with the cold record of the testimony before the other judge. Thus he would be complying with the rule laid down in the Wright case, *supra* (134 Cal.App. 366, at p. 370 [25 P.2d 541]): 'It has long been the law of this state that "a party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury," and that "he cannot be compelled to accept a decision upon the facts from another judge."'"

See also *David* v. *Goodman* (1952) 114 Cal.App.2d 571 [250 P.2d 704], in which the judge who had made the interlocutory judgment died, and the successor judge adopted the findings of the deceased judge. The Court of Appeal reversed, holding that the parties were entitled to a retrial of the entire case before one judge.

It follows that in this case, any judge other than Justice Beach would be obliged to hear the evidence and make his own decision on all issues, including those which had been tried before Justice Beach, unless the parties stipulated otherwise.

*Application of the dismissal statute.*

We turn next to consider the application of the dismissal statute, Code of Civil Procedure section 583. The motion to dismiss was based upon subdivisions (b) and (d). The order granting the motion cited subdivisions (a), (b) and (d).[1]

■ It is clear at the outset that there had been a partial trial of the action before Judge Beach and that dismissal therefore was not authorized under subdivisions (a) or (b) of section 583, which provide for dismissal if the action is not "brought to trial" within a certain period after filing. (*Blue Chip Enterprises, Inc.* v. *Brentwood Sav. & Loan Assn.* (1977) 71 Cal.App.3d 706, 711-712 [139 Cal.Rptr. 651].)

■ The remaining question is whether the dismissal was proper under subdivision (d) for failure to bring the case to trial "within three years after entry of an order by the court declaring the mistrial or disagreement by the jury . . . ."

The record indicates that at the May 29, 1974, hearing, Judge Willard was considering ordering a mistrial, but he did not do so. Instead he made an order which offered two other alternatives: bring back Justice Beach to complete the trial or stipulate to accept his interlocutory findings. Neither of those alternatives would have been open if a mistrial had been declared.

The next order of the court on September 23, 1974, did no more than vacate the September 30 trial setting and reset the case for October 21, 1974. Neither this order nor any of the subsequent orders of the superior court gave any indication whether the "trial" which was being set

---

[1]Code of Civil Procedure, section 583: "(a) The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council. (b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . . (d) When in any action a trial has commenced but no judgment has been entered therein because of a mistrial or because a jury is unable to reach a decision, such action shall be dismissed on the motion of defendant after due notice to plaintiff or by the court of its own motion, unless such action is again brought to trial within three years after entry of an order by the court declaring the mistrial or disagreement by the jury, except where the parties have filed a stipulation in writing that the time may be extended. . . ."

was a continuation of the Beach trial or a trial de novo. No one ever made a motion for an order declaring a mistrial.

For more than four years thereafter the case was continued from time to time, pursuant to stipulation in most instances, and without any objection on the record or any suggestion that the status of the case or the respective contentions of the parties had changed since the May 29, 1974, hearing.

The record does not contain an "order by the court declaring the mistrial," as required by subdivision (d) of section 583. Cross-defendants argue in effect that the whole series of events implied a mistrial. Even if an implication could be an effective substitute for an order declaring mistrial, the record does not justify it.

The absence of an order declaring a mistrial is not merely a technical omission. So far as the record shows, the door had never been closed on the alternatives which Judge Willard had specified on May 29, 1974. Until an order declaring a mistrial had been made, the 1973 trial could have been resumed by Justice Beach if he had been assigned by the Chief Justice to sit temporarily in the superior court. During the four years of inaction, and until the motion to dismiss was filed on October 13, 1978, the conduct of both parties and the court was consistent with the view that the three-year limitation of subdivision (d) was not running. A default judgment was ordered when cross-complainant failed to appear on August 21, 1978, but that default was set aside eight days later and the case was reset for trial in October as though all regarded the case as in good standing.

We must conclude that since there was no order declaring a mistrial, subdivision (d) does not support the dismissal.

The order of the superior court dismissing the cross-action is reversed. The appeal from the order of May 29, 1974, is dismissed.

Kingsley, J., and Foster, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.