[No. A029509. First Dist., Div. Four. Oct. 30, 1986.]

SHIGEO KINOSHITA, Plaintiff, Cross-defendant and Respondent, v. TOSHIO HORIO, Defendant, Cross-complainant and Appellant; MICHIKO HORIO et al., Defendants and Appellants.

COUNSEL

Bland W. Cannon, Jr., for Defendant, Cross-complainant and Appellant and for Defendants and Appellants.

John J. Murphy for Plaintiff, Cross-defendant and Respondent.

OPINION

SABRAW, J.—This is an appeal from a judgment directing the dissolution of a partnership and sale of its assets. We hold that such a judgment is interlocutory and that the appeal must therefore be dismissed under the "one final judgment" rule.

FACTS

The pleadings establish that plaintiff Shigeo Kinoshita and defendants Toshio Horio, Michiko Horio, and James Horio formed Asagiri Co., a limited partnership, to own and operate an apartment building. A written partnership agreement specified the percentage interest held by each partner. Plaintiff alleged and defendants failed to deny that defendants had failed to maintain proper records and that a receiver was necessary to take possession of and care for partnership assets. Defendant Toshio Horio filed a cross-

complaint claiming credits for partnership obligations he claimed to have discharged and capital contributions he claimed to have made. Pending trial the court appointed a receiver, apparently without objection, and the parties stipulated to an accounting.

The judgment from which the appeal is taken decrees that (1) plaintiff owns a 31.43 percent interest in the partnership; (2) the partnership is "ordered dissolved"; (3) the receiver, subject to the court's approval, will sell the property, pay the partnership's debts, distribute the remaining assets, and dissolve the partnership; (4) defendants are entitled to certain credits but not others; (5) defendants will bear 85 percent of the receiver's expenses and fees; (6) at the time of distribution, plaintiff will recover his court costs from defendants' share of assets; (7) certain leases entered into by defendants are null and void; and (8) the court will retain jurisdiction "for all purposes necessary to insure compliance with this Judgment and dissolution and distribution of the partnership assets." The judgment does not specify the percentage interest held by each individual defendant; nor does it provide a formula for allocating among defendants the costs and expenses assessed against them.

Defendants noticed an appeal from the entire judgment. However they have assigned error only as to the parts of the judgment denying certain credits and directing the eventual recovery of costs by plaintiff. No challenge is made to the part of the judgment ordering the sale of partnership property.

### ANALYSIS

At our request the parties have briefed the question whether the judgment is appealable. ■ The question is jurisdictional and if the answer is negative we must dismiss the appeal on our own motion. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 38, pp. 61-62.)

■ The right to appeal is wholly statutory. (9 Witkin, *op. cit. supra*, §§ 2, 37, pp. 33, 60-61; see Code Civ. Proc., § 904.) Under Code of Civil Procedure section 904.1, no appeal lies from an interlocutory judgment unless it is of a type specified in the statute.[1] This provision codifies the

---

[1]Code of Civil Procedure section 904.1 provides in part:

"An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h) and (i). . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

"(h) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting.

"(i) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made."

fundamental principle known as the "final judgment rule" (9 Witkin, *op. cit. supra,* § 43, p. 67), the essence of which is that an appeal lies only from a final judgment (*In re L. A. County Pioneer Society* (1953) 40 Cal.2d 852, 858 [257 P.2d 1]), i.e., a judgment which "terminates the proceeding in the lower court by completely disposing of the matter in controversy" (*Henneberque* v. *City of Culver City* (1985) 172 Cal.App.3d 837, 841 [218 Cal.Rptr. 704]).

Unfortunately, "[t]he problem of determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable is often a difficult one . . . . ■ It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 669-670 [123 P.2d 11]; see *In re L. A. County Pioneer Society, supra,* 40 Cal.2d at pp. 857-858; *Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 857-858 [57 Cal.Rptr. 79].)

■ Application of the final judgment rule has proven especially difficult in partnership dissolutions and similar proceedings because they tend to require a series of adjudications by the trial court. Typically, the court must first determine the weighty threshold questions on which the parties' rights and obligations depend, such as whether a partnership was formed and what assets were acquired. The court may then be called upon to order one or more provisional or special remedies which necessarily occur in a progression of steps culminating in a final decree which settles the actions taken under the earlier rulings. (See Corp. Code, §§ 15043 [accounting], 15038 [sale of property]; Code Civ. Proc., § 564, subd. 1 [receiver]; 6 Witkin, *op. cit. supra,* Provisional Remedies, §§ 343, 367, 372, pp. 290-291, 306-307, 309-310; 7 *id.,* Judgment, § 11, pp. 459-460.)

Because of this serial aspect actions involving provisional remedies, and especially partnership dissolutions, have been the source of much judicial perplexity.[2] Fifty-seven years ago in *Gunder* v. *Gunder* (1929) 208 Cal. 559, 561 [282 P. 794], the Supreme Court noted a "conflict of authority" over the appealability of a decree which determines the basic issues between

---

[2]In many of these areas the confusion has been eliminated by the Legislature. Statutory provision is made for attachments (Code Civ. Proc., § 904.1, subd. (e)), injunctions (*id.,* subd. (f)), receivers (*id.,* subd. (g)), redemption of mortgages (*id.,* subd. (h)), partition (*id.,* subd. (i)), and arbitration (Code Civ. Proc., § 1294).

the parties and orders an accounting. Six years later in *Hollar* v. *Saline Products, Inc.* (1935) 3 Cal.2d 80, 81-82 [43 P.2d 273], the court observed that the pre-*Gunder* authorities had displayed "considerable confusion," but held it the "now settled rule" that such a judgment is not appealable. This rule has been universally followed for judgments declaring the rights of the parties and ordering an accounting. (*Bakewell* v. *Bakewell* (1942) 21 Cal.2d 224, 227 [130 P.2d 975]; *Heywood* v. *Sooy* (1935) 4 Cal.2d 352, 353 [49 P.2d 826]; *Middleton* v. *Finney* (1931) 214 Cal. 523, 525-526 [6 P.2d 938, 78 A.L.R. 1104]; *Di Blasi* v. *Di Blasi* (1930) 209 Cal. 753, 754 [290 P. 7]; *Rose* v. *Boydston* (1981) 122 Cal.App.3d 92, 97 [175 Cal.Rptr. 836]; *Degnan* v. *Morrow* (1969) 2 Cal.App.3d 358, 363 [82 Cal.Rptr. 557]; *Shirley* v. *Cook* (1953) 119 Cal.App.2d 220, 222 [259 P.2d 25]; *Heck* v. *Heck Bros.* (1943) 57 Cal.App.2d 599 [134 Cal.Rptr. 853]; see *In re L. A. County Pioneer Society, supra,* 40 Cal.2d 852, 857-858; *Schwartz* v. *Schwartz* (1970) 5 Cal.App.3d 133, 141 [85 Cal.Rptr. 45]; *Wesley N. Taylor Co.* v. *Russell* (1961) 194 Cal.App.2d 816, 822 [15 Cal.Rptr. 357]; *Gollard* v. *Bayless* (1959) 174 Cal.App.2d 827, 829 [345 P.2d 299]; *Nesbitt* v. *Bruce Eells and Assoc.* (1951) 105 Cal.App.2d 370, 372-373 [233 P.2d 183]; *David* v. *Goodman* (1948) 89 Cal.App.2d 162, 169-170 [200 P.2d 568]).

Defendants contend, however, that a judgment like the one before us is "final" under a distinct line of authority headed by *Zappettini* v. *Buckles* (1914) 167 Cal. 27 [138 P. 696]. In that case a judgment was held to be appealable where it decreed the dissolution of a partnership and ordered its assets sold. The judgment declared the exact percentage interest of each partner and directed the manner in which the proceeds of sale would be applied, leaving nothing further for the trial court except the ascertainment of amounts due the parties and creditors. On that basis the court concluded that the appeal was proper because "nothing further in the nature of judicial action" was "essential to a final determination" of the parties' rights. (*Id.,* at pp. 33-34.)

Three cases have followed *Zappettini* (*Price* v. *Slawter* (1959) 169 Cal.App.2d 448, 451-454 [337 P.2d 914]; *Taylor* v. *Taylor* (1957) 153 Cal.App.2d 144, 145-146 [314 P.2d 60]; *Sondergard* v. *Breaum* (1927) 83 Cal.App. 352, 353 [256 P. 580]) and a few others have cited it uncritically (e.g., *Eldridge* v. *Burns* (1978) 76 Cal.App.3d 396, 404 [142 Cal.Rptr. 845]; *Grable* v. *Damar Production Co.* (1965) 232 Cal.App.2d 510, 512 [43 Cal.Rptr. 16]; *Brown* v. *Memorial Nat. Home Foundation* (1958) 158 Cal.App.2d 448, 457 [322 P.2d 600, 72 A.L.R.2d 997]). However a number of cases, including subsequent decisions of the California Supreme Court, hint that *Zappettini* does not state good law. In *Di Blasi* v. *Di Blasi, supra,* 209 Cal. 753, 754, the court declared that *Zappettini* "would have to be considered as modified" to conform to other holdings impliedly at variance

with it. And *Middleton* v. *Finney, supra,* 214 Cal. 523, 525, flatly contradicts *Zappettini*'s premise that the ascertainment of sums due does not involve an essential judicial act: "It is true that certain issues of fact and of law were declared to be settled in the first decree; and it may well be that these were all the 'substantial' or 'material' issues in the case. There remained only the necessity of ascertaining the amounts of money to be paid pursuant to the decree determining the proportional interest of each party. But this had to be done, and until done, the case before the court was not concluded. It involved, to be sure, a mere matter of arithmetic, but the computations were subject to the approval of the court and were to be incorporated, if approved, in a further judgment. A *judicial act* remained to be done." (See also *Hollar* v. *Saline Products, Inc., supra,* 3 Cal.2d 80, 82 [quoting *Di Blasi, supra*]; *Degnan* v. *Morrow, supra,* 2 Cal.App.3d 358, 363 [*Zappettini* "of doubtful authority, at least as applied to the judgment before us"]; *Wesley N. Taylor Co.* v. *Russell, supra,* 194 Cal.App.2d 816, 824 [questioning *Brown* v. *Memorial Nat. Home Foundation, supra,* 158 Cal.App.2d 448, for following *Zappettini* without mentioning *Gunder, Di Blasi,* or *Middleton*]; *David* v. *Goodman* (1948) 89 Cal.App.2d 162, 170 [200 P.2d 568]; *Pluth* v. *Smith* (1962) 205 Cal.App.2d 818, 822 [23 Cal.Rptr. 550].)

The present case may be distinguishable from *Zappettini*. The judgment before us does not provide a complete formula for distribution of the proceeds of sale, but at most identifies some of the factors and principles which will go into that distribution. Nor does it determine the interests of the individual defendants. Even if these deficiencies might be cured by reference to the partnership agreement or the applicable statutes (see Corp. Code, §§ 15040, 15523, 15684), the judgment does not determine the manner in which the expenses assessed to defendants will be allocated among them. Nor is a judgment made appealable by the possibility that such unresolved issues might be eliminated by agreement. (See *David* v. *Goodman, supra,* 89 Cal.App.2d 162, 167-168, quoting *Gianelli* v. *Briscoe* (1919) 40 Cal.App. 532, 535-536 [181 P. 105]; but see *Brink* v. *Brink* (1984) 155 Cal.App.3d 218, 221, fn. 2 [202 Cal.Rptr. 57].)

Whether or not *Zappettini* is distinguishable from the present case, it appears to have been not only "modified" but impliedly overruled by the contrary authorities noted above, particularly *Di Blasi* v. *Di Blasi, supra,* 209 Cal. 753, 754, *Middleton* v. *Finney, supra,* 214 Cal. 523, 525, and *Hollar* v. *Saline Products, Inc., supra,* 3 Cal.2d 80, 82. (See *Sei Fujii* v. *State of California* (1952) 38 Cal.2d 718, 728 [242 P.2d 617] ["the authority of an older case may be as effectively dissipated by a later trend of decision as by a statement expressly overruling it"].) Even if this were not so, the conflict between the two lines of California Supreme Court authority compels

us to choose between them. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 456 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ ■ ■ ■ We are satisfied that there is a conflict between *Zappettini* and the *Gunder* line of cases, and we have found no way to reconcile it. It might be suggested that *Gunder* applies when the judgment orders an accounting, but *Zappettini* governs when property is ordered sold by a receiver.[3] This is a distinction, however, unsupported by logic or principle. In the present case the trial court expressly reserved power over the conduct of the sale and "for all purposes necessary to insure compliance with this Judgment and dissolution and distribution of the partnership assets pursuant to the decisions of this Court in this matter." ■ Even without these recitals, the trial court must in the ordinary course of a sale by a receiver confirm the sale and approve the receiver's final account. (6 Witkin, *op. cit. supra,* Provisional Remedies, §§ 367, 370, 372, pp. 306-307, 309-310.) If anything, such a proceeding is likely to require more judicial attention than an accounting.

Our rejection of *Zappettini* as authority is further supported by the statutory classification of judgments "determining the rights and interests of the respective parties and directing *partition* to be made." (Code Civ. Proc., § 904.1, subd. (i).) Such judgments are closely analogous to the one before us, and the Legislature has expressly declared them "interlocutory." (*Id.,* subds. (a)(1), (i).)

■ Moreover, to deny appellate jurisdiction here is consonant with the policy considerations undergirding the final judgment rule. These include the obvious fact that piecemeal disposition and multiple appeals tend to be oppressive and costly. (*Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 760 [122 Cal.Rptr. 521, 537 P.2d 353]; *Eldridge* v. *Burns* (1978) 76 Cal.App.3d 396, 403 [142 Cal.Rptr. 845]; 9 Witkin, *op. cit. supra,* at p. 67.) Interlocutory appeals burden the courts and impede the judicial process in a number of ways: (1) They tend to clog the appellate courts with a multiplicity of appeals. Whether or not the earlier ruling is appealed, later ones will certainly be appealable. (See Code Civ. Proc., § 904.1, subd. (b) [order after final judgment]; *Grable* v. *Damar Production Co., supra,* 232 Cal.App.2d 510, 512.) (2) Early resort to the appellate courts tends to

---

[3]The order for sale may itself have been appealable as a final judgment on a collateral matter. (See *Stockton* v. *Rattner* (1972) 22 Cal.App.3d 965 [99 Cal.Rptr. 787]; 9 Witkin, *op. cit. supra,* §§ 45-48, pp. 69-74.) However defendants have assigned no error as to that portion of the judgment and have therefore abandoned their appeal as to it. (See *Hansen* v. *Hansen* (1965) 233 Cal.App.2d 575, 580 [43 Cal.Rptr. 729].) The fact that part of a judgment is appealable does not confer appellate jurisdiction over interlocutory rulings which happen to accompany it. (See *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735-737 [137 Cal.Rptr. 568].)

produce uncertainty and delay in the trial court. In *Zappettini* itself the trial court proceedings were stayed until the first appeal was completed. (167 Cal. at p. 34.) Even if this does not occur, a pending appeal obviously chills the parties' enthusiasm for going forward when their exertions may prove futile. (3) Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken. (*In re Marriage of Van Sickle, supra,* 68 Cal.App.3d 728, 742; see *Rose* v. *Boydston, supra,* 122 Cal.App.3d 92, 97; *Travelers Ins. Co.* v. *Superior Court* (1977) 65 Cal.App.3d 751, 759-760 [135 Cal.Rptr. 579]; *DeMund* v. *Superior Court* (1931) 213 Cal. 502, 506 [2 P.2d 985].) (4) Later actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless. (5) Having the benefit of a complete adjudication by the trial court will assist the reviewing court to remedy error (if any) by giving specific directions rather than remanding for another round of open-ended proceedings.

No legitimate interest is furthered by making a judgment like this one appealable. Those whose rights and obligations depend on the judgment are best served by a single complete and final resolution of the issues presented. A right to an interlocutory appeal permits a party who benefits from delay to frustrate the goals of promptness and certainty of adjudication. The possibility that an order is appealable can produce delay even where no one *wants* to impede the litigation. If the ruling *is* appealable, the aggrieved party *must* appeal or the right to contest it is lost. (*Hobbs* v. *Bateman Eichler, Hill Richards, Inc.* (1985) 164 Cal.App.3d 174, 190-191 [210 Cal.Rptr. 387]; *Guenter* v. *Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465 [189 Cal.Rptr. 470]; *Woodman* v. *Ackerman* (1967) 249 Cal.App.2d 644, 648-649 [57 Cal.Rptr. 687]; see *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252, 256-258 [74 Cal.Rptr. 389, 449 P.2d 453].) Thus every exception to the final judgment rule not only forges another weapon for the obstructive litigant but also requires a genuinely aggrieved party to choose between immediate appeal and the permanent loss of possibly meritorious objections. The effect of this dilemma—the generation of unnecessary appeals—has been evident for a long time. (See *Middleton* v. *Finney, supra,* 214 Cal. at p. 527 [appeal was "exercise of caution" given absence of "definite rule"]; *Swarthout* v. *Gentry* (1946) 73 Cal.App.2d 847, 850 [167 P.2d 501] [taken "out of abundance of caution"]; *Heck* v. *Heck Bros., supra,* 57 Cal.App.2d 599, 604-605 [appellants "could not sit idly by believing the judgment to be interlocutory . . . and later find that they had lost their right of appeal"].)

For all these reasons, exceptions to the one final judgment rule should not be allowed unless clearly mandated. Yet despite the hopeful

words of the cases fifty years ago, the confusion over judgments like this one has never been entirely eliminated. A definite rule is necessary to reduce both the temptation to file dilatory appeals and the compulsion to file protective ones. ■■■ We therefore hold that a judgment decreeing the dissolution of a partnership and directing the sale of assets by a receiver is not a final judgment and that in the absence of a statutory exception it is not appealable.[4]

The appeal is dismissed. The parties are to bear their own costs on appeal.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied November 25, 1986, and the petition of all appellants for review by the Supreme Court was denied January 21, 1987.

---

[4]The record is unclear as to the disposition of Toshio Horio's cross-complaint. That question, however, cannot affect the appealability of the judgment. A judgment on a cross-complaint between the same parties and involving the same subject matter as the main action is not separately appealable. (*Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 118 [199 P.2d 668]; *Fleuret* v. *Hale Constr. Co.* (1970) 12 Cal.App.3d 227, 230 [90 Cal.Rptr. 557].)